By the Court.
 

 The single question here for deter
 
 *618
 
 mination at this time is whether the admissions contained in the company’s reply justify the action of the trial court in rendering judgment in favor of Redman.
 

 A study of the material part of the reply discloses two admissions. The first is that there was a trial in the case in which Kuhl was the plaintiff and Redman the defendant. The second is that Kuhl “did not recover a judgment but lost said case.” Then follows a denial that “the issues involved in this case have been adjudicated in favor of the defendant, John Red-man. ’ ’ Thus it is apparent that the company and Red-man are in disagreement as to the identity of the issues involved in the two cases. Under this state of the pleadings the question of
 
 res judicata
 
 is not determinable from them alone.
 

 However, it is urged by Redman that in the trial of the case of
 
 Kuhl
 
 v.
 
 Redman
 
 the jury in answering certain interrogatories found Kuhl guilty of contributory negligence. Even if the jury so found, this fact obviously cannot enter into a consideration of the instant question inasmuch as it involves evidence
 
 aliunde.
 
 Therefore until the precise nature of the defense of
 
 res judicata
 
 is adequately presented it would be inconsistent with the proprieties and probably serve no useful purpose for this court to speculate with reference thereto to the extent of indulging in a theoretical discussion of the law relating to the various problems that may eventually materialize.
 

 In view of the foregoing the judgment of the Court of Appeals is affirmed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthtas, Bevis, Zimmerman and Wilkin, JJ., concur.