BOWER, APPELLANT, *v.* GIBBS, APPELLEE.*

(Decided December 27, 1938.)

* Reporter's Note—For subsequent opinion in action to recover Workmen's Compensation, see *Bower* v. *Industrial Commission, post* 469.

456

*Mr. John J. Lehmann, Mr. Bernard J. Hawk* and *Mr. Clarence P. Ducey,* for appellant.

*Messrs. Kirkbride, Boesel, Frease & Cole,* for appellee.

LLOYD, J.    Margaret P. Bower commenced an action in the Court of Common Pleas to recover damages for personal injuries sustained, as she claimed, through negligence of the appellee, Lorena Gibbs.    From a judgment on the pleadings in favor of appellee, the appellant appeals to this court on questions of law. She alleged in her amended petition filed therein, as follows:

"That on the 26th day of October, 1934, plaintiff and the defendant were school teachers engaged in teaching school in the public schools at Fremont and Vickery, Sandusky county, Ohio; that on said date of October 26, 1934, they each went to Toledo, Ohio, to attend a teachers' meeting of the Northwestern Ohio Teachers Association and that the first of said teachers' meetings was held in the morning at the Civic Auditorium where plaintiff and defendant first met on said date of October 26, 1934.    That by arrangement and agreement between the plaintiff and the defendant, for a valuable consideration, to wit:    The payment of the garage charges for the defendant's automobile, the defendant agreed to take plaintiff, in her automobile, to the Art Museum for the afternoon session of said teachers' meetings and from which place defendant agreed to take plaintiff to the May Apartments on Fulton street, Toledo, Ohio.    Plaintiff says that she paid said garage charges amounting to 35¢ at the time that the defendant's automobile was taken out of the garage and that the defendant, after said meeting at the Art Museum, did proceed to take

plaintiff to the May Apartments on Fulton street, Toledo, Ohio.''

The allegations of the amended petition as to the automobile collision which resulted in the claimed injuries to appellant are unimportant to a decision of the question involved in this appeal. To this amended petition appellee filed an answer in which she alleged as a defense that prior to the commencement of the instant action the appellant commenced an action against appellee in the Court of Common Pleas of Lucas county upon the identical cause of action pleaded in her amended petition in the instant case. She sets forth verbatim the second amended petition upon which that cause was presented and submitted, together with the entry of the court sustaining the demurrer thereto and the consequent judgment in favor of appellee.

It appears therefrom also that the judgment of the Court of Common Pleas was affirmed by the Court of Appeals and that the Supreme Court denied a motion to certify the cause thereto.

In her reply to this answer, appellant admits the commencement of the action and its adjudication in favor of appellee, controverting its effect only by alleging ''that the controversies and matters contained in said lawsuit in Lucas county are entirely different than the matters contained in this lawsuit and involve entirely different legal principles.''

The only difference between them is that in the Lucas county action it was alleged that appellant was a guest passenger of appellee in the automobile of the latter at the time of the alleged collision and that her injuries were caused by the wilful and wanton misconduct of appellee in certain alleged particulars, whereas in the instant action appellant claims to have been a passenger for hire, thereby avoiding the burden of proving wilful or wanton misconduct on the part of the appellee and seeking as a substitute there-

458

for the burden only of proving a failure on the part of appellee to exercise ordinary care.

The parties to the two actions are the same; the cause of action is the same—a right to recover damages for personal injuries. A party may not, after prosecuting an action to judgment, avoid the effect of the judgment by a changed statement of facts in a subsequently commenced action based on the same cause of action. Comment seems hardly necessary on so patent a situation to explain or justify affirmance of the judgment of the Court of Common Pleas.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.