Hart, J.
 

 Tbe question presented by tbis record may be stated as follows: Where one suffered both personal injuries and property damage by reason of a single negligent act and assigned bis property damage claim against tbe tort-feasor to a third person who
 
 *325
 
 prosecuted an action thereon against the tort-feasor, will a judgment in such action on such property damage claim in favor of the tort-feasor bar a subsequent action against the same tort-feasor brought by such injured person to recover damages for his personal injuries ? •
 

 If a tortious act and the resultant damage to both person and property create in the injured person but a single right of action, and consequently a single cause of action, then the answer must be in the affirmative. It is everywhere conceded that a single cause of action cannot be split into several claims and separate actions maintained thereon.
 
 Cockley
 
 v.
 
 Brucker,
 
 54 Ohio St., 214, 226, 44 N. E., 590;
 
 City of Cincinnati
 
 v.
 
 Emerson,
 
 57 Ohio St., 132, 139, 143, 48 N. E., 667;
 
 Secor
 
 v.
 
 Sturgis,
 
 16 N. Y., 548. If the owner of a single cause of action arising out-of a single tortious act brings an action against his tort-feasor, he may have but one recovery; and, in case he fails to recover, he may not maintain a subsequent action on the same cause of action, even though he has failed to include his entire cause of action or elements of damage in his original action.
 
 Stein
 
 v.
 
 Steamboat Prairie Rose,
 
 17 Ohio St., 471, 93 Am. Dec., 631;
 
 Hydrick
 
 v.
 
 St. Louis, Iron Mountain & Southern Ry. Co.,
 
 118 Ark., 402, 177 S. W., 5, L. R. A. 1916B, 742;
 
 McCaffrey
 
 v.
 
 Carter,
 
 125 Mass., 330;
 
 Nathans
 
 v.
 
 Hope,
 
 77 N. Y., 420;
 
 Pierro
 
 v.
 
 St. Paul & Northern Pacific Ry. Co.,
 
 39 Minn., 451, 40 N. W., 520, 12 Am. St. Rep., 673. In the case of recovery, the cause of action is merged in the judgment
 
 (Brigel
 
 v.
 
 Creed,
 
 65 Ohio St., 40, 60 N. E., 991), and in case of failure to recover, the judgment is
 
 res judicata
 
 and a bar to a second action based upon the same cause of action between the same parties. 30 American Jurisprudence, 914, Section 172. If, therefore, one who suffers both property damage and personal injur
 
 *326
 
 ies by the same wrongful act has but a single cause of action against the wrongdoer, an adverse judgment against him on his property damage claim would be a bar to a subsequent action for his personal injuries. For like reason, if the owner of a single cause of action arising out of a single tortious act assigns an assignable part of his cause of action to another, a recovery or a failure to recover by such other, as assignee, on such assigned claim, extinguishes the cause of action and bars any further prosecution of the cause of action by the assignor against the tort-feasor.
 
 Sprague
 
 v.
 
 Adams,
 
 139 Wash., 510, 247 P., 960, 47 A. L. R., 529. This follows, not because of any privity between the assignor and assignee, but because there cannot be a splitting of a single, indivisible cause of action. The success or failure of either the assignor or assignee in the prosecution of their respective claims against the tort-feasor, extinguishes the entire cause of action.
 

 The Court of Appeals took the view that Yasu had but a single cause of action; that the assignment of the property damage claim to the insurance company was a splitting of such cause of action; and that the action of the insurance company with judgment for the defendant extinguished the entire cause of action against the defendant, in accordance with the principles just stated. The Court of Appeals based its judgment upon the decision of this, court in the case of
 
 National Retailers Mutual Ins. Co.
 
 v.
 
 Gross,
 
 142 Ohio St., 132, 50 N. E. (2d), 258. In that case, however, there was an attempt to split a property damage claim and this court held that, since such claim was indivisible, it was proper to have the assignor made a party to the assignee’s suit in order to recover the entire property damage. Here, there was no attempt to split the property damage claim, but to treat the property damage claim and the personal injury claim as separate causes of action.
 

 
 *327
 
 The rule at common law and in a majority of the states of the union is that damages resulting from a single wrongful act, even though they include both property and personal injury damages, are, when suffered by the same person, the subject of only one action against the wrongdoer. The case of
 
 King
 
 v.
 
 Chicago, Milwaukee & St. Paul Ry. Co.,
 
 80 Minn., 83, 82 N. W., 1113, 81 Am. St. Rep., 238, 50 L. R. A., 161, is a leading and typical case supporting this rule. Other cases are
 
 Doran
 
 v.
 
 Cohen,
 
 147 Mass., 342, 17 N. E., 647;
 
 Coles’ Admx.
 
 v.
 
 Ill. Central Ry. Co.,
 
 120 Ky., 686, 87 S. W., 1082;
 
 Mobile & Ohio Rd. Co.
 
 v.
 
 Matthews,
 
 115 Tenn., 172, 91 S. W., 194;
 
 Fields
 
 v.
 
 Philadelphia Rapid Transit Co.,
 
 273 Pa., 282, 117 A., 59;
 
 Sprague
 
 v.
 
 Adams, supra; Georgia Ry. & Power Co.
 
 v.
 
 Endsley,
 
 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256;
 
 Dearden
 
 v.
 
 Hey,
 
 304 Mass., 659, 24 N. E. (2d), 644, 127 A. L. R., 1077;
 
 Hayward
 
 v.
 
 State Farm Mutual Auto. Ins. Co.,
 
 212 Minn., 500, 4 N. W. (2d), 316, 140 A. L. R., 1236.
 

 The courts supporting this rule take the view that the cause of action arises out of the wrongful act of the defendant, disregarding as elements of a cause of action the multiple and variant rights of the plaintiff and the several items of damage suffered by him because of the wrongful act; that, since the tort-feasor’s act is single, the cause of action must be single; and that the defendant’s injuries occasioned by the wrongful act are merely multiple items of damages proceeding from the same wrong. 33 Yale Law Journal, 829.
 

 However, the English rule, which has been adopted in a number of state jurisdictions, affording a respectable weight of judicial authority in this country, is to the effect that injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights, and give rise to distinct causes of action, with the result
 
 *328
 
 that the recovery or denial of recovery of compensation for damage to property is no bar to an action subsequently prosecuted for the personal injury, unless by an adverse judgment in the first action issues are determined against the plaintiff which operate as an estoppel against him in the second action. 2 Black on Judgments (2 Ed.), 1113, Section 740; Phillips on Code Pleading (2 Ed.), 194, Section 211;
 
 Brunsden
 
 v.
 
 Humphrey
 
 (1884), L. R., 14 Q. B. Div., 141;
 
 Reilly
 
 v.
 
 Sicilian Asphalt Paving Co.,
 
 170 N. Y., 40, 62 N. E., 772, 88 Am. St. Rep., 636, 57 L. R. A., 176;
 
 Ochs
 
 v.
 
 Public Service Ry. Co.,
 
 81 N. J. Law, 661, 80 A., 495, 36 L. R. A. (N. S.), 240, Ann. Cas. 1912D, 255;
 
 Boyd
 
 v.
 
 Atlantic Coast Line Rd. Co.,
 
 218 F., 653;
 
 Borden’s Condensed Milk Co.
 
 v.
 
 Mosby,
 
 250 F., 839;
 
 Watson
 
 v.
 
 Texas & Pac. Ry. Co.,
 
 8 Tex. Civ. App., 144, 27 S. W., 924;
 
 Clancey
 
 v.
 
 McBride,
 
 338 Ill., 35, 169 N. E., 729;
 
 Smith
 
 v.
 
 Fischer Baking Co.,
 
 105 N. J. Law, 567, 147 A., 455;
 
 Sodowich
 
 v.
 
 Heimert, Jr.,
 
 108 N. J. Law, 59, 154 A., 609;
 
 Smith
 
 v.
 
 Red Top Taxicab Corp.,
 
 111 N. J. Law, 439, 168 A., 796;
 
 Winters
 
 v.
 
 Bisaillon,
 
 153 Ore., 509, 57 P. (2d), 1095, 104 A. L. R., 968;
 
 Wilson
 
 v.
 
 City of Portland,
 
 153 Ore., 679, 58 P. (2d), 257. See
 
 Skoglund
 
 v.
 
 Minneapolis St. Ry. Co.,
 
 45 Minn., 330, 47 N. W., 1071, 22 Am. St. Rep., 733;
 
 Lamb
 
 v.
 
 Harbaugh,
 
 105 Cal., 680, 39 P., 56;
 
 Schermerhorn, Admr.,
 
 v.
 
 Los Angeles Pacific Rd. Co. of California,
 
 18 Cal. App., 454, 123 P., 351;
 
 Weisshand, Exrx.,
 
 v.
 
 City of Petaluma,
 
 37 Cal. App., 296, 174 P., 955;
 
 Todhunter
 
 v.
 
 Smith
 
 (Cal. Dist. Court of Appeal), 21 P. (2d), 479. In the case last cited on appeal from the Superior Court the judgment was reversed by the Supreme Court of California, which held that although an adverse result in a former action for damages to an automobile was not a complete bar to an action for personal injuries growing out of the same accident, it
 
 *329
 
 created an estoppel because issues therein decided were sought- to be relitigated in this action for personal injuries. See 219 Cal., 690, 28 P. (2d), 916.
 

 The two-causes-of-action rule had its origin in' the case of
 
 Brunsden
 
 v.
 
 Humphrey, supra.
 
 In that case defendant’s van collided with plaintiff’s cab resulting in damage to the cab and personal injury to plaintiff. Plaintiff sued defendant for injury to his cab. While the action was pending, a settlement was made by which the defendant paid for the damage done to the cab and the action was dismissed. Later, plaintiff sued the same defendant for his personal injuries and secured a verdict. On motion for new trial, the defendant contended that the plaintiff, had but one cause of action and should have claimed all his damages in the first action and that when he accepted damages for the cab, further recovery was barred. The trial court set aside the verdict and rendered judgment for the defendant. On appeal, the Queens Bench Division, by a divided court, reversed the judgment and held that the plaintiff had two causes of action. The Master of the Rolls, in his opinion, stated that the test is “whether the same sort of evidence would prove the plaintiff’s case in the two actions,” and that, in the action relating to the cab, “it would be necessary to give evidence of the damage done to the plaintiff’s vehicle. In the present action it would be necessary to give evidence of the bodily injury occasioned to the plaintiff, and of the sufferings which he has undergone, and for this purpose to call medical witnesses. This one test shows that the causes of action as to the damage done to the plaintiff’s cab, and as to the injury occasioned to the plaintiff’s person, are distinct.”
 

 Perhaps the leading case in this country supporting this rule is that of
 
 Reilly
 
 v.
 
 Sicilian Asphalt Paving Co., supra.
 
 In that case it was claimed by plaintiff
 
 *330
 
 that while he was driving in Central Park in the city of New York both his person and his vehicle were injured in consequence of a collision with a gravel heap placed on the road through the negligence of the defendant. Thereupon he brought an action against the defendant to recover damages for the injury to his person. Subsequently he brought another action in another court to recover for the injury to his vehicle. In the latter action he obtained judgment which was paid by the defendant. Thereafter the defendant set up in the first action, by supplemental answer, the judgment in the latter action claiming its satisfaction as a bar to the further maintenance of the action for personal injuries. On the trial in the Supreme Court it was held that the plaintiff’s right of action for personal injury was merged in the judgment recovered for property damages and his complaint was dismissed. The judgment entered was affirmed by the Appellate Division. The Court of Appeals of New York, reversing the judgment appealed from, said:
 

 “If, where one person was driving the vehicle of another, both the driver and the vehicle were injured, there can be no doubt that two causes of action would arise, one in favor of the person injured and the other in favor of the owner of the injured property. On the other hand, if both the horse and the vehicle, being the property of, the same person, were injured, there would be but a single cause of action for -the damage to both. If, while injury to the horse and vehicle of a person gives rise to but a single cause of action, injury to the vehicle and its owner gives rise to two causes of action, it must be because there is an essential difference between an injury to the person and an injury to property that makes it impracticable or, at least, very inconvenient in the administration of justice to blend the two. We think there is such a distinc
 
 *331
 
 tion. * * * While some of the difficulties in the joinder of a claim for injury to the person and one for injury to the property in one cause of action are created by our statutory enactments, the history of the common law shows that the distinction between torts to the person and torts to property has always obtained. * * * Therefore, for reason of the great difference between the rules of law applicable to injuries of the person and those relating to injuries to property we conclude that an injury to person and one to property, though resulting from the same tortious act, constitute different causes of action.”
 

 The court, in deciding the
 
 Reilly case,
 
 took a position contra to an earlier holding in the same state in the case of
 
 Howe
 
 v.
 
 Peckham
 
 (N. Y. Supreme Court), 6 How. Pr., 229, 10 Barb., 656, a case frequently cited (see quotation from Phillips’ Pleading, infraJ as supporting the single-cause-of-action rule.
 

 A critical and analytical study of the two-causes-of-action rule will demonstrate that it is in harmony and keeping with the historical and logical development of the common law on that subject, and that it has not been interfered with by the provisions of the codes of civil procedure. The distinctions involved are most important because they involve not only the determination of what constitutes causes of action but the necessary relation of such causes of action to the doctrine of
 
 res judicata.
 

 The courts adopting this latter rule take the position that, first of all, the right of bodily security is fundamentally different from the right of security of property; and that the primary rights of the plaintiff to security to person and to property and'the duty of the defendant not to infringe such rights are indispensable elements of causes of action for the wrongful invasion of such rights. The same courts also take the.
 
 *332
 
 position that, in actions predicated upon a negligent act, damages are a necessary element of each independent cause of action and no recovery may be had unless actual consequential damages are shown. This is also true of tort actions for deceit, nuisance and defamation not libelous
 
 per se.
 
 The very gist of an action for negligence is the damages to person or property negligently inflicted. In negligence cases the wrong is complete only when damages are suffered. The act done is not wrongful in itself, but only becomes so when an injurious consequence follows. See 24 Harvard Law Review, 492. In this connection, the court in
 
 Brunsden
 
 v.
 
 Humphrey, supra,
 
 said:
 

 “Two separate kinds of injury were in fact inflicted, and two wrongs done. The mere negligent driving in itself, if accompanied by no injury to the plaintiff, was not actionable at all, for it was not a wrongful act at all till a wrong arose out of the damage which it caused. One wrong was done as soon as the plaintiff’s enjoyment of his property was substantially interfered with. A further wrong arose as soon as the driving also caused injury to the plaintiff’s person. * * # The wrong consists in the damage done without lawful excuse, not the act of driving * *
 
 Ochs
 
 v.
 
 Public Service Ry. Co., supra; Hart
 
 v.
 
 Allen & Grant,
 
 2 Watts (Pa.), 114, 116;
 
 Erie Rd. Co.
 
 v.
 
 McCormick, Admx.,
 
 69 Ohio St., 45, 52, 68 N. E., 571;
 
 Sullivan
 
 v.
 
 Old Colony St. Ry.,
 
 200 Mass., 303, 86 N. E., 511;
 
 Commercial Bank of Albany
 
 v.
 
 Ten Eyck,
 
 48 N. Y., 305;
 
 Commercial Union Assurance Co.
 
 v.
 
 Shoemaker,
 
 63 Neb., 173, 88 N. W., 156;
 
 National Copper Co.
 
 v.
 
 Minnesota Mining Co.,
 
 57 Mich., 83, 23 N. W., 781, 58 Am. Rep., 333;
 
 City of North Vernon
 
 v.
 
 Voegler,
 
 103 Ind., 314, 2 N. E., 821.
 

 This doctrine is illustrated by the case of
 
 Roberts
 
 v.
 
 Read,
 
 16 East, 215, 104 Eng. Rep. R., 1070, where the action was based on the falling down of a stone wall,
 
 *333
 
 which resulted from the wrongful act of the defendants, as public officers, done at a time so long before the wall fell as to entitle the defendants to the benefit of the statute of limitation if the cause of action arose when the wrongful act was committed. Lord Ellenborough, speaking for the court, said: “It is sufficient that the action was brought within three months after the wall fell, for that is the gravamen: The consequential damage is the cause of action in this case.”
 

 The doctrine of
 
 res judicata
 
 is predicated upon the existence and determination of issues in the causes of action to which it is applied. And since the application of the doctrine depends upon the identity either of causes of action or of issues involved therein, it becomes necessary to determine, as nearly as possible, the meaning of the term “cause of action.” The courts and law writers generally agree that the term “cause of action” is not easily defined and that no thoroughly satisfactory and all-embracing definition can be formulated. 1 Corpus Juris Secundum, 981, Section 8.
 

 In respect to the application of the doctrine of
 
 res judicata
 
 to an action based upon negligence, as in the instant case, a “cause of action” arises where there exists such an aggregation of investitive and operative facts as, under the substantive law,'clothes the plaintiff with a specific primary right and the defendant with a corresponding duty as to such right, and a delict or wrong on the part of the defendant violating the duty and interfering with the right, which results in consequential damages to the plaintiff. Phillips on Code Pleading (2 Ed.), 696, Section 577; 1 American Jurisprudence, 417, Section 20; 1 Corpus Juris Secundum, 984, Section 8 (e); Pomeroy Code Remedies (5 Ed.), 527, 529, Sections 347 and 348;
 
 Box
 
 v.
 
 Chicago, R. I. & Pac. Ry. Co.,
 
 107 Iowa, 660, 78 N. W., 694;
 
 Dennison
 
 v.
 
 Payne,
 
 293 F., 333.
 

 
 *334
 
 The variant views of the courts, as to what constitutes a single cause of action or two causes of action under a state of facts similar to those presented in the instant case, arise because of a difference in conception concerning the technical term “cause of action.” It appears that there -are two schools of thought as to the interpretation of this very important phrase in legal terminology. 21 Oregon Law Review, 319, 323. • One concept of the term, designated by some law writers as the pragmatic concept, is to the effect that as long as the same wrongful act or transaction is the subject of litigation there is but one cause of action without regard to the application of rules of substantive law to additional or variational facts which are involved and which must be considered. The test under this concept is not whether added facts constitute a material difference in plaintiff’s right or defendant’s wrong under the sustantive law, but whether such additional facts are so closely woven into the transaction which comprehends the defendant’s wrong as to justify the court in regarding multiple interests affected and wrong done as a single unit for the purposes of litigation. See
 
 Cotter
 
 v.
 
 Boston & Northern St. Ry. Co.,
 
 190 Mass., 302, 76 N. E., 910;
 
 Bower v. Gibbs,
 
 61 Ohio App., 455, 22 N. E. (2d), 738;
 
 Pillsbury
 
 v.
 
 Kesslen Shoe Co.,
 
 136 Me., 235, 7 A. (2d), 898;
 
 Dearden
 
 v.
 
 Hey, supra.
 

 The other concept of a cause of action, often designated as the individualistic concept, takes into account the operative effect of different or additional facts which, under the substantive law, result in distinctions or shades of difference in the interests of the plaintiff constituting his legal rights, or in the injurious effect of the wrongful acts of the defendant in relation to the rights of the plaintiff. This concept regards as a unit a material set of facts which, under the rules of
 
 *335
 
 the substantive law, individualize plaintiff’s claim based on such facts so as to distinguish it from any other claim of the same plaintiff against the same defendant, resulting from the same wrongful act. It is said that' the demonstration of the meaning of this concept is to be found in the well known test that causes of action are the same if both actions are supported by the same evidence, and that two causes of action differ if the same evidence does not support both.
 
 City of Union City
 
 v.
 
 Murphy,
 
 176 Ind., 597, 96 N. E., 584;
 
 Farwick
 
 v.
 
 Walker Hospital of Evansville,
 
 101 Ind. App., 489;
 
 Bentson, Admr.,
 
 v.
 
 Brown,
 
 191 Wis., 460;
 
 Troxell, Admx.,
 
 v.
 
 Delaware, Lackawanna & Western Rd. Co.,
 
 227 U. S., 434, 57 L. Ed., 586, 33 S. Ct., 274.
 

 The pragmatic concept of a cause of action is indefinite and vague. It does not seriously recognize the doctrine of issues and does not conform to the generally accepted definitions of “cause of action.” In fact, it is not accepted or adopted by the courts of any jurisdiction except in isolated instances. It does not adapt itself to the application of the doctrine of
 
 res judicata
 
 and disregards the distinctions of the substantive law. Rationally, the same legal right may be infringed by different wrongs of the defendant, and thus give the plaintiff more than one cause of action. On the other hand, different legal rights of the plaintiff may be infringed by a single wrong which will likewise afford the plaintiff more than one cause of action.
 

 In this connection Judge Phillips, in his excellent work on code pleading, calling attention to certain early cases adopting the single-cause-of-action rule, says:
 

 “Where the defendant so negligently managed his steamboat as to run down plaintiff’s sailboat, and injured the plaintiff and the boat, it was held that as the plaintiff could not divide the tort and have two ac
 
 *336
 
 tions, one for injury to the person, and the other for injury to the property, he may not make two causes of action in one suit.
 
 [Bennett
 
 v.
 
 Hood,
 
 83 Mass., 47.] An action for negligently driving against and injuring the plaintiff and his horse and carriage was held to embrace but one right of action.
 
 [Howe
 
 v.
 
 Peckham, supra.]
 
 The courts which adopt this view hold that the cause of action consists in the negligent act which produced the entire result, rather than the effect of the negligent act in its application' to the different primary rights of person and of property.
 

 “
 
 These eases are wrong in principle. Two distinct rights — the right of personal security and the right of property — were here invaded by a single delict, which gave rise to two remedial-rights. In asserting one of these, ownership of property and injury thereto must be alleged and proved; in asserting the other, injury to the person must be alleged and proved; and different rules of damage govern the measure of recovery for the two injuries.” Phillips on Code Pleading (2 Ed.), 194, Section 211.
 

 Moreover, the universally accepted tests for the application of the doctrine of
 
 res judicata
 
 call for a segregation and separate consideration of the legal implications arising from the distinctions of the substantive law applied to the facts in issue. This is apparent from a statement of the tests themselves, the most widely accepted being: (1) The evidence to support the two causes of action must be identical; (2) there must le, a'single right violated; (3) there must be a single act or contract involved; (4) there must be the same findings and judgment involved; and (5) in the case of contracts the consideration must be entire.
 

 Obviously, the recognition of distinct causes of action does not prevent their joinder in a single action, where such joinder is permissible, and such joinder
 
 *337
 
 will accomplish all that is sought to be accomplished in an attempt to fuse several causes of action into -a single cause of action at the sacrifice of legal rights and the orderliness of procedure.
 

 In applying the definitions and tests of “causes of action” to the facts of the instant case and the legal implications arising therefrom, there must be taken into consideration the fact that, in establishing the right to recover for property damage, title to the property must be shown to be in the plaintiff, whereas there is no such issue as to the personal injuries; that, although our statute, Section 11224-1, General Code, provides the same limitation, two years, for actions to bodily injury and injury to personal property, such limitation could be for different periods as is true in some states: that the measures of damages to person and to property are not the same and must be separately considered; that the claim for property damage may be assigned and survives the death of the owner, whereas the personal injury claim may not be assigned and abates as to the estate of the injured party, by death before verdict, except as. to loss of earnings and as to pain and suffering between the date of the injury and the date of death; that in case of bankruptcy before judgment the claim for property damage passes to the trustee, whereas the claim for personal injury does not; and, perhaps, most important, that the nature of the interest imperiled by a tortious act must be a factor in determining the existence or nonexistence of negligence. An act of a defendant which might not be regarded as an unreasonable risk as to plaintiff’s property, might well be considered an unreasonable risk as to his person. This distinction, well recognized in the substantive law, necessarily precludes the claim that injury to property and to person through the same negligent act gives rise to but one
 
 *338
 
 .cause of action. 2 Bestatement of Torts, 791, Section-293; 18 Michigan Law Beview, 255, 261; 29 Harvard Law Beview, 40, 42.
 

 The New York Court of Appeals, in the case of
 
 Reilly
 
 v.
 
 Sicilian Asphalt Paving Co., supra,
 
 was impressed by these distinctions and said “* * * for reason of the great difference between the rules of law applicable to injuries of the person and those relating to injuries to property we conclude that an injury to person and one to property, though resulting from the the same tortious act, constitute different causes of action.”
 

 It will be observed that all or nearly all of the cases cited in support of the single-cause-of-action rule involve situations where the plaintiff brought the action in his own right to recover both his property and personal injury damages. The rule against splitting demands which limits the plaintiff to a single action is based on the idea of unreasonable vexation of the defendant rather than upon a discriminating conception of a cause of action. However, when a tort-feasor has committee] a tort resulting in damage to both person and property, there is nothing vexatious or unreasonable in prosecuting separate actions against him even though the plaintiff may, as provided in Section 11306, General Code, join his claims for injury to person and damage to property in one action. Indeed, if the plaintiff is the owner of the several causes of action at the time suit is -brought, he should so join them, and appropriate legislation could require it.
 

 Clearly, after a single right of action has accrued, the plaintiff may not assign a part of it and escape the consequences of splitting a single cause of action. But where, before any causes of action for injury to person and property arise, the owner of the property, by contract, invests another with certain potential or
 
 *339
 
 equitable rights or interests in such property, there is no basis for the denial of the right of the owner of such interest so acquired to prosecute a separate action for damages to such property arising out of its subsequent injury.
 

 Where an injury to person and to property through a single wrongful act causes a prior contract of indemnity and subrogation to come into operation for the benefit of the person whose property is injured, the indemnitor may prosecute a separate action against the party causing such injury for reimbursement for indemnity monies paid under such contract.
 

 In the state of Mississippi, which adheres to the single-cause-of-action theory, the Supreme Court, in the case of
 
 Underwriters at Lloyd’s Ins. Co.
 
 v.
 
 Vicksburg Traction Co.,
 
 106 Miss., 244, 63 So., 455, 51 L. R. A. (N. S.), 319, held that “an insurer of an automobile who had, in accordance with a provision of the policy, become subrogated to the claim of the owner for damages thereto against a street railway company before the institution by such owner of a suit for personal injuries growing out of the same accident, in which a judgment has -been recovered, is not precluded thereby from maintaining an action.”
 

 In the above-cited case, O’Neil, the owner of the automobile, had brought suit against the defendant for personal injuries sustained in a collision and had recovered a judgment which the defendant claimed was a bar to the insurer’s action against it to recover monies paid by the insurer to O’Neil. In the course of its opinion, the court said:
 

 “Appellant had an equitable interest in the automobile at the time of the collision by reason of having written the policy of insurance. When it was damaged, then, by virtue of the contract of insurance and the article of subrogation, appellant had such an in
 
 *340
 
 terest in the claim for damages. This interest became a right to sue at law when appellant paid to Mr. O’Neil the amount owing him for loss under the policy and received from him assignment of his claim and was subrogated to his right to recover for damages. Therefore, when the suit was filed by Mr. O’Neil on December 16, 1909, against appellee, the cause of action for recovery for injuries sustained to his person was in Mr. O’Neil, and the cause of action to recover for damages to the automobile was in appellant. There were then two distinct causes of action, two separate rights to recover, in two different persons.”
 

 Likewise, in the case of
 
 Underwood
 
 v.
 
 Dooley,
 
 197 N. C., 100, 147 S. E., 686, 64 A. L. R., 656, the Supreme Court of North Carolina held that although it is “well settled in this jurisdiction that one who has sustained damages, resulting from injuries both to his property, and to his person, caused by the single wrong or tort of another, can maintain only one action for the recovery of his damages, and that he cannot split his cause of action, arising from a single wrong.or tort, and maintain separate actions against the
 
 tort-feasor,
 
 as defendant, and recover therein for separate items of damage resulting from said wrong or tort,” yet “where an insurance company, under a policy covering damage to an automobile alone, has paid the insured for damages to it caused by the negligence of a third person, and has recovered judgment in its action against the
 
 tort-feasor,
 
 the owner may maintain a subsequent action against the
 
 tort-feasor
 
 to recover damages for personal injury arising from the same tort, as such action is not substantially the same as the pending action nor between the same parties.”
 

 Other courts have adopted similar rules to avoid injustice under similar circumstances. See
 
 Peake, Admr.,
 
 v.
 
 Baltimore & Ohio Rd. Co.
 
 (Ohio), 26 F.,
 
 *341
 
 495, 500;
 
 Taylor
 
 v.
 
 Manhattan Ry. Co.,
 
 53 Hun (N. Y.), 305, 6 N. Y. Supp., 488.
 

 This question has heretofore been before this court on a single occasion but was not decided.
 
 Redman
 
 v.
 
 North River Ins. Co.,
 
 128 Ohio St., 615, 193 N. E., 347. The judgment of the Court of Appeals, in that case, was affirmed because the record did not properly present the issue sought to be raised. The Court of Appeals, in the same case, had reversed the judgment of the trial court, which court had rendered judgment on the pleadings in favor of the defendant on the ground that a judgment in favor of the defendant in a former personal injury action brought by the- car owner and set up in defendant’s answer, was a bar to the second action by the insurer of the car for property damage. The Court of Appeals held that the judgment for the defendant in the former action could have been sustained on the ground that the jury found no damages. The Court of Appeals, however, indicated that, in its view, the insurance company was subrogated to the right of the insured whom it had reimbursed for property damage caused by negligence of the defendant and might sue in its own name for such damage, although the insured had previously been defeated in an action against the same defendant for personal injury damages growing out of the same accident, the former judgment not being
 
 res judicata
 
 as to the latter. See
 
 North River Ins. Co.
 
 v.
 
 Redman,
 
 16 Ohio Law Abs., 516, affirmed, 128 Ohio St., 615, 193 N. E., 347.
 

 The decisions of the Courts of Appeals of this state support the proposition that, under Section 11241, General Code, providing that actions shall be prosecuted in the name of the real party in interest, an insurance carrier which has paid a property damage claim for injury to its assured’s automobile may, as subrogee, maintain an action for reimbursement
 
 *342
 
 against the party who wrongfully caused the damage, independent of any claim of the owner for personal injuries growing out of the same accident. See
 
 LeBlond Schacht Truck Co.
 
 v.
 
 Farm Bureau Mutual Automobile Ins. Co.,
 
 34 Ohio App., 478, 171 N. E., 414;
 
 Allamong
 
 v.
 
 Falkenhof,
 
 39 Ohio App., 515, 177 N. E., 789, motion to certify overruled;
 
 Barnhill
 
 v.
 
 Brown,
 
 58 Ohio App., 188, 16 N. E. (2d), 478;
 
 North River Ins. Co.
 
 v.
 
 Redman, supra; Central Greyhound Lines, Inc.,
 
 v.
 
 State Automobile Mutual Ins. Co.,
 
 17 Ohio Law Abs., 419;
 
 Strasser
 
 v.
 
 Blain Dairies, Inc.,
 
 27 Ohio Law Abs., 108;
 
 Norwich Union Fire Ins. Society
 
 v.
 
 Stang,
 
 18 C. C., 464, 9 C. D., 576. Contra,
 
 Mayfield
 
 v.
 
 Kovac, Jr.,
 
 41 Ohio App., 310, 181 N. E., 28. See, also, annotations in 64 A. L. R., 663, and 127 A. L. R., 1081.
 

 In line with the trend of modern authority, this court takes the view that an insurer who has paid a property damage claim and has taken a full assignment of the claim as subrogee is a proper party plaintiff to prosecute an action for reimbursement from a defendant whose negligent act caused the damage to the property insured, and that such act and procedure do not constitute the splitting of a cause of action. If, however, the entire claim for property damage is not assigned or transferred to the insurance carrier, the action must be brought in the name of the assured
 
 (Cable
 
 v.
 
 St. Louis Marine Ry. & Dock Co.,
 
 21 Mo., 133), or jointly by the insurer and the assured
 
 (Pratt
 
 v.
 
 Radford,
 
 52 Wis., 114, 8 N. W., 606). Otherwise, there would be a clear splitting of the cause of action based upon the property damage claim.
 

 It is said that the pragmatic interpretation of “cause of action” has its origin and basis in trial convenience. Short cuts and improvisations may be appealing, but if certainty and predictability, qualities so necessary in the law, are to be maintained, the log
 
 *343
 
 ical and symmetrical distinctions of the substantive common law, carefully developed through the necessities of experience, should be preserved and not destroyed. In the complexity of life the combinations of facts which give rise to legal liability are infinite, and as a consequence a heavy burden is necessarily imposed upon procedural processes. Nevertheless, rights are too important and liability is too oppressive to be determined and administered in wholesale fashion. In this connection, an editorial note appended to the report and annotation of the case of
 
 Sprague
 
 v.
 
 Adams, supra,
 
 which case supports the single cause of action rule (47 A. L. R., 529 at 536) is pertinent. The editor says:
 

 “The decision in the reported case
 
 (Sprague
 
 v.
 
 Adams)
 
 illustrates the startling results from a practical point of view that sometimes follow from the application of accepted legal principles. If this decision is to be followed the insured is likely to find that- in the result he has, for the sake of a comparatively small insurance on his car, sacrificed a much larger claim for personal injuries against the tort-feasor.”
 

 Conceding the right of the plaintiff to prosecute his personal injury claim and the right of his insurer as assignee to prosecute his property damage claim, independently and in separate actions against the defendant, we must determine the further question whether the claim of the plaintiff or plaintiff’s right of action is so related to the claim of the assignee or to the assignee’s right of action in the property damage that the judgment rendered against the latter in favor of ■ the defendant on the issues of negligence of the defendant and contributory negligence of the plaintiff, as driver of the car, is a bar to the present action of the plaintiff by way of estoppel. It is apparent from what has been said that the separate claim of the
 
 *344
 
 plaintiff in this action and the claim of the insurer in its action against the defendant for reimbursement for the property damage were not identical causes of action with the result that a judgment as to one claim is not
 
 res judicata
 
 as to the other. But the defendant claims that the judgment, in its favor in the action by the insurer on the property damage claim, the issue of damages having been eliminated by stipulation, determined that, either the defendant was not guilty of negligence or that the plaintiff was guilty of contributory negligence, and that, the determination of these points, which are common in both actions, must inure to the benefit of the defendant as against the plaintiff who is the assignor of the property damage claim. The defendant, in support of this claim, places reliance upon the principles enunciated in the cases of
 
 Wright, Admr.,
 
 v.
 
 Schick,
 
 134 Ohio St., 193, 16 N. E. (2d), 321;
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 23 N. E. (2d), 996;
 
 Conold
 
 v.
 
 Stern,
 
 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003; and
 
 Norwood
 
 v.
 
 McDonald et al., Admrs.,
 
 142 Ohio St., 299, 52 N. E. (2d), 67.
 

 It is well settled that a right, question or fact in issue which was necessarily determined by a court of competent jurisdiction in a judgment which has become final, cannot be disputed or litigated in a subsequent suit between the same parties or their privies, although the subsequent suit is based on a different cause of action. A plea setting up a former adjudication of such right, question or fact is not a plea in bar, but a plea of estoppel by judgment.
 
 Winters
 
 v.
 
 Bisaillon, supra; Charles E. Harding Co.
 
 v.
 
 Harding,
 
 352 Ill., 417, 186 N. E., 152, 88 A. L. R., 563; and annotation, page 574;
 
 Cromwell
 
 v.
 
 County of Sac,
 
 94 U. S., 351, 24 L. Ed., 195;
 
 Hixson
 
 v.
 
 Ogg,
 
 53 Ohio St., 361, 42 N. E., 32. And although identity of causes
 
 *345
 
 of action is not necessary, identity of issues and identity of parties or their privies are necessary.
 
 Southern Pacific Rd. Co.
 
 v.
 
 United States,
 
 168 U. S., 1, 42 L. Ed., 355, 18 S. Ct., 18.
 

 Parties in privy, in the sense that they are bound by the judgment, are those who acquired an interest in the subject matter after the beginning of the action or the rendition of the judgment; if their title or interest attached before that fact they are not bound unless made parties. Restatement of Judgments, 433, Section 89, comment
 
 c, e,
 
 and /; 2 Black on Judgments (2 Ed.), 830, Section 549. They are bound because they have succeeded to some estate or interest which was bound in the hands of its former owner, and the extent of the estoppel, so far as the privity is concerned, is limited to the controversies affecting this estate or interest. It is essential to privity, as the term is here used, that one person should have succeeded to an estate or interest formerly held by another.
 

 In the instant case, the assignment of the property damage right by the plaintiff to the insurer as assignee took place before the suit was instituted by the latter and the judgment against the assignee could not and did not affect the assignor. Restatement of Judgments, 441, Section 89, comment
 
 j.
 

 True, the plaintiff, having assigned his property right to the insurance carrier, is bound by the judgment against the insurance carrier to the extent of such assigned claim. See
 
 Hodson
 
 v.
 
 Union Pacific Ry. Co.,
 
 14 Utah, 402. And, incidentally, if an assignee of any claim acts
 
 for or in behalf of his assignor for collection only
 
 in the prosecution of an action based upon the assigned claim or right of action, the judgment will be conclusive not only against the assignee but against the assignor.
 
 California State Automobile Assn. Inter-Ins. Bureau
 
 v. Brunella, 14 Cal. App. (2d), 464, 58
 
 *346
 
 P. (2d), 694;
 
 Cressler
 
 v.
 
 Brown,
 
 79 Okla., 170, 192 P., 417.
 

 A predecessor in interest, as such, is not in privity with his successor in interest, and a judgment against the latter after the transfer, does not estop the former on mere grounds of privity. 30 American Jurisprudence, 959, Section 226;
 
 Kapiolani Estate, Ltd.,
 
 v.
 
 Atcherley,
 
 238 U. S., 119, 138, 59 L. Ed., 1229, 35 S. Ct., 832, Ann. Cas. 1916E, 142. Hence, a grantor or assignor is not bound as to third persons by any judgment which such third persons may obtain against his grantee or assignee adjudicating the title to or elaim for the interest transferred, unless he participated in the action in such manner as to become, in effect, a party. 1 Freeman on Judgments (5 Ed.), 969, Section 442. See
 
 Bergson, Recr.,
 
 v.
 
 H. P. Hood & Sons, Inc.,
 
 300 Mass., 340, 15 N. E. (2d), 196, 116 A. L. R., 951. See
 
 Taylor
 
 v.
 
 Barker, Judge,
 
 70 Utah, 534, 262 P., 266, 55 A. L. R., 1032.
 

 There could be no privity between the plaintiff and his assignee as to the subject matter of the present cause of action which the plaintiff retained and could not assign, and which could not be litigated by the assignee.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to that court for consideration of assignments of error other than
 
 res judicata.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Matthias, JJ., concur.