Stewart, J.,
concurring. In the case of Vasu v. Kohlers, Inc., 145 Ohio St., 321, 327, 61 N. E. (2d), 707, 166 A. L. R., 855, Judge Hart stated in part:
“The rule at common law and in a majoi’ity of the states of the union is that damages resulting from a single wrongful act, even though they include both property and personal injury damages, are, when suffered by the same person, the subject of only one action against the wrongdoer.”
However, he referred to the fact that there were a number of state jurisdictions which followed the English rule, laid down in Brunsden v. Humphrey, 14 Q. B., 141, and known as the two-causes-of-action rule, and then proceeded to announce that rule as the Ohio rule, and it was written into the fourth paragraph of the syllabus of the Vasu case. If it had *236 been necessary to decide the question whether a single tort gives rise to two causes of action as to the one injured by such tort, 1 would be reluctant to disturb that holding. However, neither the discussion in the Vasu case as to whether a single or double cause of action arises from one tort nor the language of the fourth paragraph of the syllabus was necessary to decide the issue presented in the case, and obviously both such language and such paragraph are obiter dicta and, therefore, are not as persuasive an authority as if they had been appropriate to the question presented.
As to the case of Brunsden v. Humphrey, supra, which is the basis for the minority rule in this country, it seems to me that the dissenting opinion of Lord Coleridge, as quoted in the majority opinion in the present case, is not only highly persuasive but logically unanswerable, and that this court is justified in departing from the obiter dicta of the Vasu case.