Taft, J.,
concurring. In my opinion, the judgment of the Court of Appeals in this case can be summarily affirmed on authority of paragraph three of the syllabus of P., C., C. & St. L. Ry. Co. v. Volkert (1898), 58 Ohio St., 362, 50 N. E., 924. However, neither the Court of Appeals nor either of the parties cited that case. Furthermore, both parties indicated in their briefs and arguments that they wanted this court to base its decision on answers to the questions dealt with in paragraphs one and two of the syllabus of this case; and the answering of those questions necessarily leads to consideration of the questions answered by paragraph three of that syllabus.
Therefore, and also because of the difficulty that this court has had in disposing of the dicta of paragraph four of the syllabus of Vasu v. Kohlers, Inc. (1945), 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855 (see Markota v. East Ohio Gas Co. [1951], 154 Ohio St., 546, 97 N. E. [2d], 13, distinguishing and refusing to follow that paragraph because it represented dicta, and Rush v. City of Maple Heights [1958], 167 Ohio St., 221, 147 N. E. [2d], 599, specifically overruling it as dicta), there is prob *11 ably considerable justification for this court’s accommodating the parties to this case by basing its decision on answers to the questions dealt with in the syllabus of this case.
This opinion is written because of my apprehension that portions of the opinion in Rush v. Maple Heights, supra (167 Ohio St., 221, at pages 233 and 234), and of the opinion in Vasu v. Kohlers, Inc., supra (145 Ohio St., 321, at pages 339 to 342), may still mislead some to conclude (a) that this court does not mean what it is saying in paragraphs one and three of the syllabus of this ease and (b) that, in the instance specified in paragraph two of the syllabus of this case, a single cause of action may always in effect be split so as to subject the tort-feasor to the necessity of defending on the merits more than one action based upon that single cause of action.
Admittedly in the instant case, the insurer-subrogee had notified the tort-feasor of its interest in the single cause of action of its insured, that was the subject matter of the previous action of the insured against the tort-feasor, before the insured filed that action. Therefore, the tort-feasor could have avoided being subjected to more than one action based upon that single cause of action if he had required that the insurer-subrogee be made a party to that action of the insured. His right to so require is recognized in paragraph three of the syllabus in the instant case and by our decisions in Cleveland Paint & Color Co. v. Bauer Mfg. Co. (1951), 155 Ohio St., 17, 97 N. E. (2d), 545; Holibaugh v. Cox (1958), 167 Ohio St., 340, 148 N. E. (2d), 677; and National Retailers Mutual Ins. Co. v. Gross (1943), 142 Ohio St., 132, 50 N. E. (2d), 258.
The insurer-subrogee and the insured were, as to the single cause of action that was the subject of the insured’s action, “parties * * * united in interest” within the meaning of Section 2307.20, Revised Code. As such, and also because of Section 2307.05, Revised Code, requiring actions generally to “be prosecuted in the name of the real party in interest,” our statutes* *12 require that the insurer-subrogee and the insured “be joined as plaintiffs or defendants ’ ’ in that action of the insured. Sections 2307.20 and 2307.05, Revised Code. Since the insurer-subrogee had not been made a party, there was, within the meaning of Section 2309.08 (F), Revised Code, “a defect of parties” which could, as indicated by paragraph three of the syllabus in the instant case, have stopped that action of the insured unless the insurer-subrogee was a party thereto. See Sections 2309.08 (F) and 2309.10, Revised Code. However, by failing to raise that objection to the petition by demurrer or by answer, the tortfeasor waived the right to require that the insurer-subrogee be made a party to that action by the insured. See Section 2309.10, Revised Code.
A principal purpose of the requirements of Sections 2307.05 and 2307.20, Revised Code, that an action be prosecuted by the real party in interest and that “parties united in interest” in a single cause of action “be joined as plaintiffs or defendants,” is to avoid the prosecution on the merits of more than one action based upon a single cause of action. Where, as in the instant case, the one, against whom that single cause of action may be asserted, has knowingly waived his right to avoid an action based upon assertion of only a part of that cause of action by the owner of that part, such one cannot later question *13 the assertion in a separate action of the remaining part of that claim by the owner of such remaining part. That is the situation in this case; and paragraph two of the syllabus in the instant case must be read and interpreted in the light of and as applying to facts such as those in this case.
The pleadings in the instant case indicate that the insurersubrogee was not a party to the action brought by the insured against the tort-feasor and those pleadings allege that the tort-feasor knew of the interest of the insurer-subrogee in the insured’s single cause of action against the tort-feasor at a time before that action was instituted. Of course, if the insurersubrogee had originally been a party to the action of the insured against the tort-feasor (based upon the single cause of action that is also the basis of the action of the insurer-subrogee in the instant case) or had been brought in as a party to that action, then any judgment in the insured’s action disposing of that single cause of action could obviously have been pleaded as a bar to the assertion in the instant case of the interest of the insurer-subrogee in that single cause of action.
As so clearly indicated by paragraph three of the syllabus in the instant case, the tort-feasor can require assertion of the insured’s single cause of action by both the insured and the insurer-subrogee. If this is done in the insured’s suit against the tort-feasor before the insurer-subrogee institutes a separate action of the kind recognized in paragraph two of the syllabus of the instant case, then the separate suit of the insurer-subrogee can be stopped by pleadings (demurrer, or answer where necessary) disclosing that there is “another action pending” (that of the insured) “between the same parties for the same cause.” Sections 2309.08 (D) and 2309.10, Revised Code.
However, if at the first opportunity to do so, either in an action by the insured or one by the insurer-subrogee, the tortfeasor does not require that both the insurer-subrogee and insured be parties to an action to enforce part or all of the insured’s single cause of action, then the tort-feasor may thereby waive his right to subsequently require their joinder as parties in an action by either to enforce his interest in that single cause of action.
*14 Since the insurer:subrogee had acquired its interest in the insured’s cause of action before the insured’s action against the tort-feasor to enforce that cause of action and since the insurer-subrogee was not a party to that action, the judgment in that action cannot affect the interest of the insurer-subrogee in that cause of action. Vasu v. Kohlers, Inc., supra (145 Ohio St., 321), paragraphs seven and eight of syllabus.
This brings us back to P., C., C. & St. L. Ry. Co. v. Volkert, supra (58 Ohio St., 362), which clearly indicates that, if the tort-feasor or debtor knows of the interest of the insurer-subrogee in the cause of action of the insured against the tortfeasor, the tort-feasor cannot pay or “compromise” that claim with the insured “alone and thus defeat the claim of the” insurer-subrogee (who is admittedly in effect a partial assignee of that claim or cause of action) “to recover” on account of his interest in that cause of action.

So far as pertinent, the sections of our Revised Code referred to in this portion of the opinion read:
Section 2307.05 “An action must be prosecuted in the name of the real party in interest * *
Section 2307.20 “Parties who are united in interest must be joined as *12 plaintiffs or defendants. If the consent of one who should be joined as plaintiff cannot be obtained * * * and that fact is stated in the petition, he may be made a defendant.”
Section 2309.08 “The defendant may demur to the petition only when it appears on its face that:
“(B) The court has no jurisdiction of the subject of the action; <i* * *
“(D) There is another action pending between the same parties for the same cause;
“(F) There is a defect of parties plaintiff or defendant * *
Section 2309.10 “When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it * * * [with exceptions not applicable in instant case].”
For comparable provisions relative to counterclaims see Sections 2309.17, 2309.18, 2309.22, and 2309.26, Revised Code.