AUBILL, PLAINTIFF, *v.* ROWLES, DEFENDANT.

Common Pleas Court, Stark County.

No. 100800.   Decided October 18, 1961.

*Messrs. Amerman, Burt, Shadrach, McHenry & Jones, Mr. James R. Brandon* and *Mr. Paul V. Howell*, for plaintiff.

*Messrs. Black, McCuskey, Souers & Arbaugh* and *Mr. Dan M. Belden*, for defendant.

WEBER, J. Motion for summary judgment.

The Court finds the facts to be as follows:

On March 16, 1959, plaintiff filed the present action, for his personal injuries only, against defendant.

On August 18, 1960, plaintiff and American States Insurance Co., filed jointly an action in this Court in Case No. 102559, against the same defendant for damages to plaintiff's (Aubill) automobile growing out of the same accident. The petition sets forth the right of the plaintiff Company to subrogation over and above $100.00 of the damages under the insurance policy, alleges the damages to be $907.55, and alleges the company paid $807.55 to the plaintiff Aubill. Judgment was entered for the plaintiffs for $907.55.

Thereafter defendant's insurance company issued a check for $907.55 payable to plaintiffs and above the endorsement of plaintiff Edward Aubill, are the words, "For property damage only."

Under these facts and the pleadings is the defendant entitled to a summary judgment in his favor as a matter of law? Section 2311.041, Revised Code. The Second Defense in the answer of the defendant and the exhibits offered by defendant fully support the· above findings and the facts are not controverted by the plaintiff. Hence, the only question is one of law, to-wit, may the plaintiff maintain this present action?

## LAW

Only a single cause of action arises out of personal injuries and property damage as a result of the same wrongful act. *Rush* v. *Maple Heights*, 167 Ohio St., 221.

Where, out of the same wrongful act, plaintiff alone prosecutes one action for property damage against a defendant and recovers a judgment, he cannot maintain another action for personal injuries against the same defendant. *Rush* v. *Maple Heights, supra*.

However, the insurer who has paid the insured and is subrogated may prosecute a separate action against the tortfeasor to the extent of the amount it has paid. *Casualty Co.* v. *Davis*. 172 Ohio St., 5. And if the insured is not or does not become a party to that suit by the insurer, he may maintain his separate action for personal injuries and, or, for the amount of

property damage deductible, if any. *Rush* v. *Maple Heights, supra*, at 234 (personal injuries) and *Holibaugh* v. *Cox*, 167 Ohio St., 340, Syl. 2 (property damage).

But when in the action by the insurer for property damage the insured voluntarily joins as a party (or the tortfeasor or the insurer requires him to become a party), must the insured set up his claim for personal injuries (and, or, the amount of property damage deductible), or be barred from prosecuting it in a separate action?

In *Rush* v. *Maple Heights, supra,* the Court holds that there is only a single cause of action for both personal injuries and property damage, the different injuries being but separate items of damages. And in *Holibaugh* v. *Cox, supra*, at 343, the Court says, "We presume that, in all equity, this principle (of tortfeasor having assignor made a party) means also that the joined assignor can set up any claim over and above the partial assignment which he may have against the tortfeasor . . ." The words "any claim—which he may have," of course, mean for personal injuries, etc.

If the insured, being a party to the property damage suit, does not set up his claim for personal injuries in that suit, and is allowed to prosecute a separate action for personal injuries, then there would be a clear splitting of his "single cause of action" that the court in *Rush* v. *Maple Heights, supra*, holds he has.

In *Vasu* v. *Kohlers, Inc.*, 145 Ohio St., 321, Syl. 1, says, "If the owner of a single cause of action arising out of a single tortious act brings an action against his tortfeasor, he may have but one recovery," and Syl. 2, says, "If an owner of a single cause of action has a recovery thereon, the cause of action is merged in the judgment." In *Rush* v. *Maple Heights, supra*, at 227, the Court approves the foregoing.

In *Markota* .v. *East Ohio Gas Co.*, 154 Ohio St., 546, in a continuing indemnity agreement case, the Court held (Syl. 3), "Although a right of action may arise at each time that damage covered by a single indemnity agreement occurs, a plaintiff may maintain only one action to enforce any such rights existing at the time such action is commenced." In *Rush* v. *Maple Heights, supra*, at 227, the Court approves the foregoing.

The concurring opinion of Taft, J., in *Casualty Co.* v. *Davis, supra,* at page 10, etc., clarifies the theory of all the decisions of that Court on this particular subject, to-wit, that there cannot be separate (splitting of) actions by the insured and the insurer on the single cause of action if the insured and insurer are once joined as parties in an action brought by either one. He points out that if they do not voluntarily join in whatever action is brought, and neither is required by the other or by the tortfeasor to join, then joinder is waived by the tortfeasor and only then may they prosecute separate actions. Of course, when once the insured and the insurer are joined, no matter by whatever method, each has a right to set up his entire respective claim.

Taft, J., further points out one of the various instances of preventing more than one action by both the insurer and insured when he says (p. 11), ''Therefore, the tortfeasor could have avoided being subjected to more than one action based upon that single cause of action if he had required that the insurer-subrogee be made a party to that action of the insured.''

In the companion case for the property damage, No. 102559 of this Court, both having joined as parties plaintiff were entitled to but one recovery, and the plaintiff in the present action having failed to assert his single cause of action in its entirety in the former action, is now barred in the present action. He could have had the present action, which was then pending, consolidated with that action or he could have set it up anew in that action.

In the case of *State, ex rel.* v. *Sanitary Dist.,* 169 Ohio St., 31 at 35, the Court says: ''The former (the doctrine of res judicata) is founded upon the sound proposition that there should be an end to litigation and in the interest of the state every justifiable controversy should be settled in one action in order that the Courts and the parties will not be bothered for the same cause by interminable litigation.''

Summary judgment is granted in favor of the defendant.
Defendant furnish entry.