DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Fremont Municipal Court, awarding damages to the owner of a pickup truck damaged in a collision.
 {¶ 2} Appellee is John M. Kocsis. On July 23, 2002, appellee was struck from behind by a semi-tractor trailer truck owned by appellant, EL Transport Co., LLC, and operated by one of its employees in the scope and course of his employment. It is undisputed that the collision was caused by the negligence of appellant's employee. Appellee was unharmed, but the truck he was driving was damaged to the extent that it was no longer drivable.
 {¶ 3} Appellee submitted to appellant's risk manager, Drew Dunski, a repair estimate of $4,154 shortly after the accident. On July 30, 2002, Dunski on behalf of appellant sent appellee a check for $4,369, representing the amount of appellee's repair estimate plus a rental car replacement allowance. Accompanying the check was a claim release, the acceptance of which would have absolved appellant of all further claims.
 {¶ 4} Following receipt of the release, appellee spoke with Dunski expressing concern that the amount tendered did not account for any hidden damage nor did it allow for replacement of the bed liner and truck cap which were also damaged in the collision. According to appellee, Dunski advised him that the company would only issue one check. Appellee returned the uncashed check and the unsigned proposed release to appellant on August 15, 2002.
 {¶ 5} Two weeks later, appellee again spoke to Dunski about the cost of repair and appellee's ongoing rental car expense. According to appellee, Dunski reiterated the company's intent to issue only one settlement check and suggested that appellee's own insurer pay the expense he was incurring. Following this conversation, appellee sent appellant a demand letter for $23,576, the total value of the truck, cap and liner. Dunski did not reply.
 {¶ 6} On October 14, 2002, two and one-half months after the collision, appellee was contacted by appellant's insurer, which eventually paid for the total cost of repair. With respect to appellee's reimbursement for replacement vehicle expense, however, appellant's insurer advised appellee that it was only obligated to pay 15 days car rental.
 {¶ 7} On November 26, 2002, appellee sued Drew Dunski and appellant in a small claims complaint to recover 94 days of unreimbursed car rental expense. Appellant filed an answer, denying liability.
 {¶ 8} On appellant's motion, the matter was removed to the court's regular docket. Dunski and appellant then moved for summary judgment, arguing that (1) appellee's complaint failed to state a claim against Dunski; (2) appellee's negotiation of the check of appellant's insurer constituted an accord and satisfaction of the claim; and (3) appellee failed to mitigate his damages by using his own collision coverage to speed repair.
 {¶ 9} The trial court granted Dunski's motion and dismissed him from the case. The court denied the remainder of appellant's summary judgment motion and the matter proceeded to a bench trial. At the conclusion of the trial, the court found in favor of appellee, awarding him $1,880 for the remaining 94 days car rental.
 {¶ 10} From this judgment, appellant now brings this appeal, arguing in two assignments of error that (1) the trial court's denial of his summary judgment motion was erroneous, and (2) the court's judgment after trial was also erroneous.
 {¶ 11} Both of appellant's assignments of error are founded on legal issues raised in the summary judgment motion. Although appellant contests some of the court's findings resulting from the trial, these issues were not material if appellant cannot prevail on the questions of law first put forth in the summary judgment motion.
 {¶ 12} It is undisputed that the harm to appellee's property is the direct result of the negligence of appellant's employee. Consequently, he is entitled to compensation for all of the damages as the result of the wrong done to him. Fantozzi v.Sandusky Cement Products Co. (1992), 64 Ohio St.3d 601, 612. In this matter, such damages would include the cost of alternative transportation during the time necessary to effect repairs.
 {¶ 13} Appellant first argues that, irrespective of the reasonableness of appellee's car rental, there was an accord and satisfaction of his claim when he negotiated the check for repairs and 15 days rental from appellant's insurer.
 {¶ 14} Accord and satisfaction is an affirmative defense wherein parties in a dispute reach an accord, an agreement reached through the process of offer and acceptance, supported by consideration when the accord is satisfied. Allen v. R.G.Industrial Supply (1993), 66 Ohio St.3d 229, syllabus. The doctrine contains two internal safeguards, because an accord cannot be effective except when there is a good faith dispute and, "* * * the creditor [has] notice that the check is intended to be in full satisfaction of the debt." Id.
 {¶ 15} Appellant's argument fails on several levels. There was competent credible evidence presented at trial which, if believed, would support a finding that not only was there no intent that the insurer's payment be in full, but that appellee expressly reserved the issue of the remaining car rental costs. Moreover, appellant presented no evidence at trial or in support of its motion for summary judgment demonstrating that the insurer's payment was intended to be in full satisfaction: no release; no notation on the check. As a result, appellant failed to present any evidence in support of its assertion that there was an accord and satisfaction either at trial or on summary judgment.
 {¶ 16} In a related argument, appellant suggested it should prevail because appellee improperly split his cause of action. As authority for this proposition, appellant cites Vasu v. Kohlers
(1945), 145 Ohio St. 321. Appellant concedes that the present matter is distinguishable from Vasu, but contends that "the principle of law is the same."
 {¶ 17} Vasu involved property damage and personal injury arising from the same auto collision. The subrogee of the property damage and the party personally injured brought separate suits against the tortfeasor. When the subrogee's suit failed, the tortfeasor sought unsuccessfully to block the personal injury suit as barred by the doctrine of res judicata. The Ohio Supreme Court eventually ruled that the tortfeasor could plead res judicata.
 {¶ 18} The vitality of Vasu is questionable. Portions of the case have been expressly overruled. Rush v. MapleHts. (1958), 167 Ohio St. 221, 225 (paragraph four of the syllabus), Nationwide Ins. Co. v. Steigerwalt (1970),21 Ohio St.2d 87, 90 (paragraph seven of the syllabus.) The case has been criticized, questioned, and distinguished numerous times. If any vitality remains in the case, it is only in reference to separate lawsuits, not, as here, where there is a single lawsuit over the completeness of a single recovery. We, therefore, reject appellant's assertion that Vasu should be extended to the present circumstances.
 {¶ 19} Finally, appellant maintains that appellee should be denied recovery because he failed to mitigate his damages by having his own collision insurance coverage cover the repair. Had he done that, appellant insists, repairs would have been timely and the disputed substitute transportation would have been unnecessary.
 {¶ 20} Appellant directs us to no authority which would require one injured by the tortious conduct of another to use his own insurance to ameliorate delays caused by the tortfeasor. The trial court found that the delay in effecting repairs on appellee's truck was attributable to appellant's untimely processing of the claim. The court specifically noted that had appellant, through its agent Dunski, either properly handled this claim or promptly submitted the claim to its insurer, the 94 days car rental would have been unnecessary.
 {¶ 21} Car rental — substitute transportation — is a reasonable consequence and, therefore, a compensable result of an auto collision. Nevertheless, Ohio law requires that one injured by the tort of another mitigate damages by the use of reasonable efforts after the commission of the tort. Johnson v. Univ. Hosp.of Cleveland (1989), 44 Ohio St.3d 49, 57; Dunn v. Maxey
(1997), 118 Ohio App.3d 665, 668. However, a person is not ordinarily required to surrender a right of value in order to minimize loss. 4 Restatement of the Law 2d, Torts (1979) 506, Section 918, Comment J. In this matter, appellant asked appellee to compromise his claim for less than its full value. Appellant cannot now complain that, because appellee failed to surrender to this less than complete recovery, his mitigation of damages efforts were unreasonable.
 {¶ 22} Accordingly, both of appellant's assignments of error are not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Fremont Municipal Court is affirmed. Costs to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.