## STRASSER v BLAIN DAIRIES INC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16292.

GUERNSEY, PJ, CROW, J, and KLINGER, J, (3rd Dist) sitting by designation.

Messrs. Paul Mancino, Cleveland, Marion Harvey, Counsel for Plaintiff Appellant.

Messrs. J. R. Kistner, Cleveland, Robt. H. Spooner, Cleveland, Counsel for Defendant-Appellee.

## OPINION

By CROW, J.

This case originated in the common pleas court of Cuyahoga County, Ohio, and was disposed of by sustaining defendant's motion for judgment on the pleadings, from which step an appeal was taken on questions of law.

The cause of action was for damages to plaintiff's person and automobile caused by collision of the latter with an automobile driven negligently by defendant.

While the suit was pending an insurance company not a party, whose coverage ran only to personal injuries for which defendant was liable, settled and satisfied the claimed personal damages, as it had the right to do under the terms of the policy of insurance, and thereafter plaintiff filed an amended petition claiming only damages to the automobile.

One of the defenses pleaded to the amended petition was the settlement of the damages to plaintiff's person which was admitted by the reply.

Thus was presented the question which is the only one for decision here, whether the satisfaction of the personal damages destroyed the right of plaintiff to recover damages to the automobile.

It is the position of the defendant that there was a splitting of causes of action in consequence whereof plaintiff could not proceed with the case.

Assuming the trial court to have rested the decision of the motion on the ground that a splitting of cause of action had occurred, for as much as no other possible ground could have been contemplated, it is clear that it erred in misconceiving the doc-

trine which forbids the splitting of a cause of action.

Nothing need be said in praise of the wholesomeness of that doctrine which has firm anchorage in the public policy steadfastly adhered to by all courts, of the avoidance of a multiplicity of suits, sometimes referred to as successive suits.

Plaintiff's cause of action has been made the subject of only one suit, and the only feature defendant claims or ▬▬▬ ▬ could claim to have constituted a splitting, was in fact and in law nothing more than the compromising and satisfying of one of the two components of damages, which occurrence was in minimization of the litigation which is always to be encouraged rather than discouraged. Stated more plainly if possible, plaintiff had but one cause of action, and what was done relative to the personal damage was of such nature as to preclude defendant from asserting the same in bar of damages arising out of the same wrongful conduct of defendant which caused the personal damages.

A most admirable statement of the law making clear the error in sustaining the motion for judgment on the pleadings, is found in 1 American Jurisprudence, pages 484 and following, and particularly page 485, and 87 A.L.R. 778.

The judgment must be reversed and cause remanded for a new trial.

GUERNSEY, PJ, KLINGER J, concur.