**ROMA et, Plaintiffs, v. FINKERNAGEL et, Defendants.**

Common Pleas Court, Fayette County.

No. 22008.    Decided April 2, 1956.

Morton C. Anderson, Columbus, Paul Mancino & Frank Mancino, Cleveland, for plaintiffs.

Sebastian, Fais & Durst, Columbus, for defendant, R. H. Finkernagel.

### OPINION

By CASE, J.

According to the allegations contained and set forth in their petition, plaintiffs claim:

(a) That, on or about October 6, 1953, there was a certain collision between a tractor and trailer, owned and operated by plaintiffs, and a

Chevrolet automobile operated by defendant, Robert H. Finkernagel;

(b) That, as a result of said collision, plaintiffs' tractor and trailer were damaged and plaintiffs suffered certain damages by reason thereof; and

(c) That, plaintiff Roma was driving plaintiffs' tractor and trailer at the time of said collision and suffered certain personal injuries as a result thereof.

To plaintiffs' petition, said defendant filed the following motion:

"Defendant, Robert H. Finkernagel, respectfully moves the Court for an order requiring the plaintiffs to separately state and consecutively number the causes of action in their petition."

Said defendant's motion was supported by the following memorandum:

"The Court will note that the plaintiffs have attempted to plead a cause of action alleging personal injuries, and a second cause of action alleging certain property damages. These are two separate causes of action, and the courts of Ohio consistently hold that these causes must be separately stated and consecutively numbered. The Court is undoubtedly familiar with this rule in §2309.07 **R. C.**

"The plaintiffs' petition clearly shows two counts for damages. One being a personal injury and the second the property damage. Since these two causes of action are intermixed in the petition, the plaintiffs have not complied with §2309.07 **R. C.**

"Defendant, Robert H. Finkernagel submits that this motion is well taken and should be sustained." ·

It does not appear that plaintiffs, or either of them, filed any memorandum in· opposition to said motion. Although the reason for plaintiff's failure to so oppose said defendant's motion does not appear of record herein, it might well be that the explanation thereof is to be found in the case of **Strasser v. Blain Dairies Inc., 27 Abs 108**, wherein one of counsel for plaintiffs herein appears also to have been one of counsel for plaintiff appellant of record therein. In that case, the Court of Appeals for Cuyahoga County held:

"1. The satisfaction of personal damages by an insurance company pending suit for damages to plaintiff's person and automobile does not destroy the right of the plaintiff to recover property damages to his automobile arising out of the same negligent act.

"2. The rule against splitting causes of action does not apply to a suit for personal and property damages where one of the two components of damages, the personal damages, are compromised, resulting in minimization of the litigation which is always to be encouraged, and the plaintiff amends his petition to allege only property damage."

It is also noted that Strasser v. Blain, supra, was cited with approval by the Supreme Court of Ohio in the case of **Vasu v. Kohlers, 145 Oh St 321, 30 O. O. 542, 166 A. L. R. 855**; and that, in the Vasu case, supra, the Supreme Court, in substance and effect, recognized and enunciated the rule of law that:

"4. Injuries to both person and property suffered by the same person as a result of the same wrongful act are infringements of different rights and give rise to distinct causes of action, * * *"

Upon due consideration of all of the allegations contained in plaintiffs' petition, the grounds upon which said defendant's motion is bottomed, and the rules of law applicable thereto, as argued and set forth in said defendant's memorandum and as hereinabove cited and discussed, the Court finds that said defendant's motion, for an order requiring plaintiffs to separately state and consecutively number the causes of action in their petition, is well made and should be sustained.

Counsel for said defendant should prepare an entry accordingly with appropriate exceptions therein noted on behalf of plaintiffs and said defendant, and submit same to counsel for plaintiffs and to this Court for approval by on or before April 16, 1956; and, by said entry, plaintiffs should be granted leave to file an amended petition herein by on or before April 30, 1956.