[Cite as *Erickson v. Morrison*, 2019-Ohio-5430.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| W. RANDAL ERICKSON, ET AL. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellees | : | Hon. William B. Hoffman, J. |
| -vs- | : | Hon. Patricia A. Delaney, J. |
| | : | |
| PAUL E. MORRISON, ET AL. | : | Case No. 19CA18 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |
| | | |
| and | | |
| | | |
| SUSAN GEORGE (fka Logan) | | |
| | | |
| Defendant-Cross-Appellant | | |

CHARACTER OF PROCEEDING: Appeal from the Guernsey County Court
of Common Pleas, case no. 17OG441

JUDGMENT: REVERSED IN PART, AFFIRMED IN
PART, AND REMANDED

DATE OF JUDGMENT ENTRY: December 30, 2019

APPEARANCES:

For Plaintiffs-Appellees:

John P. Brody
William J. Levendusky
Jane K. Gleaves
KEGLER, BROWN, HILL + RITTER
65 East State St., Suite 1800
Columbus, OH 43215-4294

Gary Paul Price
Chad A. Foisset
PRICE LAW FIRM LLC
555 City Park Ave.
Columbus, OH 43215
Co-Counsel for Susan George, fka Logan

For Defendants-Appellants:

Gregory W. Watts
Matthew W. Onest
KRUGLIAK, WILKINS, GRIFFITHS
& DOUGHERTY CO., L.P.A.
4775 Munson St. N.W., P.O. Box 36963
Canton, OH 44735-6963

Nelson E. Genshaft
Anthony C. Chambers
STRIP, HOPPERS, LEITHART ET AL.
575 South Third St.
Columbus, OH 43215
Co-Counsel, Susan George, fka Logan

*Delaney, J.*

{¶1}   Appellants Paul E. Morrison and Vesta G. Morrison (the "Morrisons") appeal from the April 17, 2019 Findings of Fact/Conclusions of Law/Judgment Entry of the Guernsey County Court of Common Pleas.  Appellees are W. Randal Erickson, Kathleen E. Erickson, and Sally Tonning (the "Ericksons").   Defendant/Cross-appellant Susan George ("George") appeals from the same judgment.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose from disputed ownership of mineral rights related to approximately 139 acres of real property in Washington Township, Guernsey County, Ohio.

### *Logan's creation of the Reservation*

{¶3}   On February 26, 1926, James T. Logan and Rose L. Logan, husband and wife, executed a warranty deed transferring the surface rights of the real estate to Richard Riggs and Alta Riggs.  The deed contained the following reservation of the mineral rights (the "Reservation"):

> * * * *.
>
> Excepting and reserving therefrom all coal, gas, and oil with the right of first parties, their heirs and assigns, at any time to drill and operate for oil and gas and to mine all coal with further right to build and maintain reservoirs, pipe lines, and the use of reasonable necessary roads; the said first parties their heirs and assigns, being liable and required to pay all taxes assessed against their said property and any damages caused to growing crops by any of such

operations.  All such operations for coal shall be outside of and leave one acre of solid coal under the dwelling house and under the barn and no drilling for oil or gas shall be within one hundred yards of the said dwelling house, barn, and other buildings located on said farm.

* * * *.

{¶4}   On February 25, 1941, Logan sold the mineral rights to C.L. Ogle through execution of a Mineral Deed which described the oil and gas rights as follows:

James T. Logan, a widower and not remarried, transferred to C.L. Ogle, his heirs and assigns, the following in pertinent part:

* * * *.

This conveyance is intended to convey all of the interest of the Grantor herein, which consists of certain reservations in that certain deed executed on the 26th day of February 1926, from James T. Logan (the grantor herein) and Rose L. Logan (his then wife) to Edward Riggs and Alta Riggs.

The said reservations conveyed herein consist of all coal, gas, and oil, with the right of the said grantors James T. Logan and Rose L. Logan, their heirs and assigns, at any time to drill and operate for oil and gas, and to mine all coal with the further right to build and maintain reservoir pipe lines and the use of reasonably necessary roads, said grantors, their heirs and assigns being liable and required to pay all taxes assessed against the said property, and any damage caused to growing crops by any such operations.   All Such

Operations for coal shall be outside of and leave one acre of solid coal under the dwelling house and under the barn, and no drilling for oil or gas shall be within one Hundred (100) yards of said dwelling house, barn, and other buildings located on said farm.

* * * *.

{¶5} The Ericksons of the instant case are the heirs of C.L. Ogle. The "Logan Defendants" referenced throughout the opinion, including cross-appellant Susan George fka Logan, are the heirs of James T. Logan.

{¶6} Title to the surface rights of the real property was conveyed or transferred through estate or intestacy recorded documents. Each recorded instrument contains the Reservation, supra, reproduced in its entirety.

*The Morrisons' deeds contain the Reservation*

{¶7} By warranty deed dated April 26, 1978, filed for record May 1, 1978, the Morrisons took title to the surface rights. The warranty deed contains the Reservation in its entirety.

{¶8} The Morrisons executed a survivorship deed on June 2, 1983, filed for record on June 16, 1983, conveying the surface rights of the property to themselves in joint tenancy with a right of survivorship. The survivorship deed contains the Reservation in its entirety.

{¶9} The Morrisons executed a quitclaim deed on May 8, 1998, filed for record on May 12, 1998, conveying the surface rights to the Paul E. Morrison Trust, of which Paul E. and Vesta G. Morrison are both trustees. The trust deed contains the Reservation in its entirety.

*The 2015 litigation: Logans' interest extinguished*

{¶10} On April 9, 2015, the Morrisons brought an action in the Guernsey County Court of Common Pleas styled Paul E. Morrison et al. v. Marjorie A. Logan et al. against the Logan Defendants,[1] arguing the Morrisons own both the real estate and the minerals pursuant to the 1989 version of the Ohio Dormant Mineral Act. The case was docketed as Guernsey County Court of Common Pleas case number 15 CV 000157.

{¶11} The Morrisons filed a first amended complaint against the Logan Defendants raising additional claims under the 2006 Ohio Dormant Mineral Act and the Ohio Marketable Title Act (R.C. 5301.47 et seq.)

{¶12} On January 22, 2016, the trial court granted summary judgment in favor of the Morrisons. The Court declared that the Logan Defendants' interest in the Reservation was extinguished pursuant to the Ohio Marketable Title Act and that the rights to the severed mineral interests were quieted unto the Morrisons.

{¶13} The Logan Defendants filed a notice of appeal from the trial court's decision, but the appeal was subsequently dismissed. 5th Dist. Guernsey No. 17 CA 18.

*The instant litigation*

{¶14} On August 24, 2017, the Ericksons filed suit seeking declaratory relief and quiet title. The named defendants included the Morrisons, George, and the Logan Defendants.[2]

---

[1] The "Logan Defendants" include Marjorie A. Logan, Susan George fka Logan, Ronald D. Logan, James Farrell Logan, Marjorie E. Logan, Unknown Heirs and Successors of Vivienne Logan, and the Unknown Heirs and Successors of Nellie Logan.
[2] An amended complaint was later filed to account for, e.g., deceased defendants and additional heirs, devisees, legatees, and beneficiaries. The defendants, including Susan George, timely answered the amended complaint.

{¶15} The Morrisons responded with an answer and counterclaim seeking declaratory judgment and to quiet title pursuant to the Dormant Mineral Act, asserting they are in full possession of the real estate and the minerals.

{¶16} Defendant and cross-appellant Susan George answered on November 13, 2017.

{¶17} The Ericksons filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). The Morrisons responded with a memorandum in opposition and counter-motion for judgment on the pleadings. George also responded in opposition to the Ericksons' motion for judgment on the pleadings.

{¶18} Pursuant to an entry entitled "Findings of Fact/Conclusions of Law/Judgment Entry" filed April 17, 2019, the trial court granted the Ericksons' motion for judgment on the pleadings, declaring as follows:

* * * *.

The Court hereby declares as to Count One: (1) that the [Morrisons] do not possess any right, title, or interest in the Real Estate's oil and gas rights, being the Minerals defined in the Reservation; (2) that [Ericksons] are the true and rightful owners of all the Real Estate's oil and gas rights, being the Minerals defined in the Reservation.

As to Count Two, the Court hereby quiets title to the Minerals and determines that [Ericksons] are the sole owners of all Minerals and that [Morrisons] have no right, title, or interest in the Minerals * * *.

{¶19} The Morrisons as appellants, and Susan George as cross-appellant, now appeal from the trial court's Findings of Fact/Conclusions of Law/Judgment Entry dated April 17, 2019.

**ASSIGNMENTS OF ERROR**

{¶20} The Morrisons raise one assignment of error:

{¶21} "I.  THE TRIAL COURT ERRED WHEN IT HELD THAT THE SEVERED MINERAL INTEREST AT ISSUE WAS PRESERVED FROM EXTINGUISHMENT UNDER THE OHIO MARKETABLE TITLE ACT."

{¶22} George raises one assignment of error:

{¶23} "I.  CROSS-APPELLANT ASSERTS THAT THE TRIAL COURT ERRED IN GRANTED APPELLEE'S JUDGMENT ON THE PLEADINGS WHERE THERE ARE CLEARLY MATERIAL FACTUAL ISSUES THAT REMAIN IN DISPUTE."

**ANALYSIS**

I.

{¶24} In their sole assignment of error, the Morrisons argue the trial court erred in finding that the Reservation is an exception to the Ohio Marketable Title Act and is therefore preserved from extinguishment.  We agree.

{¶25} The trial court granted judgment on the pleadings for the Ericksons and against the Morrisons.  Civil Rule 12(C) provides, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) motion, which requires the appellate court to independently review the complaint to determine if the dismissal was appropriate.

*Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist.2001). A motion for judgment on the pleadings pursuant to Civil Rule 12(C) presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). The determination of a motion under Civil Rule 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*, 1 Ohio App.2d 133, 204 N.E.2d 100 (4th Dist.1964). In considering such a motion, one must look only to the face of the complaint. *State ex rel. Osborne v. City of North Canton,* 5th Dist. Stark No. 2018CA00132, 2019-Ohio-1744, ¶ 10.

{¶26} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994)

{¶27} In reviewing a Civ.R. 12(B)(6) motion, the court must presume that all facts presented in the complaint are true but it may not consider any evidence outside of the complaint. *Park v. Acierno,* 160 Ohio App.3d 117, 2005–Ohio–1332, 826 N.E.2d 324, ¶ 29. In considering the complaint, the court may consider certain written instruments that are attached to the complaint. *Id.,* citing Civ.R. 10(C) and (D).

{¶28} The definitive issue presented by this case is whether the Reservation is repeated in the muniments of title with sufficient specificity pursuant to R.C. 5301.49(A) and the decision of the Ohio Supreme Court in *Blackstone v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132.

{¶29} The Morrisons argue the recorded instruments containing the Reservation do not meet the requirements of the Ohio Marketable Title Act (M.T.A.), R.C. 5301.47, et seq., and that a preserving notice was not filed as required by the M.T.A.  The Ericksons respond that the statutory provisions are not applicable because their interest in the minerals falls within a statutory exception.

{¶30} As explained in *Corban v. Chesapeake Expl., L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089, at ¶ 17, the General Assembly enacted the M.T.A. to extinguish interests and claims in land that existed prior to the root of title, with "the legislative purpose of simplifying and facilitating land title transactions by allowing persons to rely on a record chain of title." R.C. 5301.55. The M.T.A. became law nearly fifty years ago as a means of simplifying land title transactions by allowing persons to rely on a record chain of title as set forth in the pertinent statutes and by eliminating "ancient interests" which operate to cloud otherwise clear titles. *Evans v. Cormican*, 5th Dist. Licking No. 09 CA 76, 2010-Ohio-541, ¶ 17, internal citations omitted. The Act functions as "a 40-year statute of limitations for bringing claims against a title of record." *Id.,* citing *Collins v. Moran,* 7th Dist. Mahoning No. 02 CA 218, 2004-Ohio-1381, ¶ 20.

{¶31} R.C. 5301.55 states that the Act "shall be liberally construed to effect the legislative purpose of simplifying and facilitating land title transactions * * *."  This legislation provides that marketable record title—an unbroken chain of title to an interest

in land for 40 years or more, R.C. 5301.48—"shall be held by its owner and shall be taken by any person dealing with the land free and clear of all interests, claims, or charges whatsoever, the existence of which depends upon any act, transaction, event, or omission that occurred prior to the effective date of the root of title." R.C. 5301.50. Marketable record title therefore "operates to extinguish" all other prior interests, R.C. 5301.47(A), which "are hereby declared to be null and void," R.C. 5301.50.

{¶32} Further, "the Marketable Title Act extinguished oil and gas rights by operation of law after 40 years from the effective date of the root of title unless a saving event preserving the interest appeared in the record chain of title—i.e., the interest was specifically identified in the muniments of title in a subsequent title transaction, the holder recorded a notice claiming the interest, or the interest '[arose] out of a title transaction which has been recorded subsequent to the effective date of the root of title.'" *Corban*, supra, at ¶ 18, citing R.C. 5301.48 and 5301.49.

{¶33} The trial court found the Reservation to be an exception to the M.T.A. Pursuant to R.C. 5301.49(A), record marketable title shall be subject to:

> All interests and defects which are inherent in the muniments of which such chain of record title is formed; provided that a general reference in such muniments, or any of them, to easements, use restrictions, or other interests created prior to the root of title shall not be sufficient to preserve them, unless specific identification be made therein of a recorded title transaction which creates such easement, use restriction, or other interest; and provided that possibilities of reverter, and rights of entry or powers of termination for breach of

condition subsequent, which interests are inherent in the muniments of which such chain of record title is formed and which have existed for forty years or more, shall be preserved and kept effective only in the manner provided in section 5301.51 of the Revised Code[.]

{¶34} In order to be preserved from extinguishment under the M.T.A., therefore, any reference or repetition of a severed mineral interest which predates a surface owner's root of title must specifically reference the severed mineral interest. The Ericksons contend the Reservation constitutes a specific identification pursuant to R.C. 5301.49(A), and the trial court agreed.  The Morrisons respond that the Reservation identifies neither the name of the original grantors (the Logans) nor the transferee of the minerals (C.L. Ogle).

{¶35} The Ohio Supreme Court recently adopted a three-part test to determine whether the reference or repetition is specific.  *Blackstone v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132. The Court explained that the statute starts with the limitation that title is subject to all "interests and defects" in the deed. *Blackstone,* ¶ 11. That limitation is then qualified by the indication that a general reference to the interest is not sufficient unless the general reference includes specific identification of the "record title transaction" that created the interest. *Id.* The Court then stated the statute has a three-step inquiry: (1) Is there an interest described within the chain of title? (2) If so, is the reference to that interest a "general reference"? (3) If the answers to the first two questions are yes, does the general reference contain a specific identification of a recorded title transaction?  *Id.* at ¶ 12.

{¶36} For ease of reference, we again cite the Reservation:

Excepting and reserving therefrom all coal, gas, and oil with the right of first parties, their heirs and assigns, at any time to drill and operate for oil and gas and to mine all coal with further right to build and maintain reservoirs, pipe lines, and the use of reasonable necessary roads; the said first parties their heirs and assigns, being liable and required to pay all taxes assessed against their said property and any damages caused to growing crops by any of such operations. All such operations for coal shall be outside of and leave one acre of solid coal under the dwelling house and under the barn and no drilling for oil or gas shall be within one hundred yards of the said dwelling house, barn, and other buildings located on said farm.

{¶37} The question we ask is whether repetition of a severed mineral interest which does not contain information identifying the owner is a "general reference" or a "specific reference". The former has no preserving effect under the M.T.A.; the latter preserves the interest.

{¶38} Because the term "general reference" is not defined in the act, we look to the ordinary meaning of the term. *Blackstone, supra,* 2018-Ohio-4959 at ¶ 13, citing *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 26. "General" is defined as "marked by broad overall character without being limited, modified, or checked by narrow precise considerations: concerned with main elements, major matters rather than limited details, or universals rather than particulars: approximate rather than strictly accurate." *Id.,* citing *Webster's Third New International Dictionary* 944 (2002). "Specific" is defined as "characterized by precise formulation or accurate restriction (as in

stating, describing, defining, reserving): free from such ambiguity as results from careless lack of precision or from omission of pertinent matter." *Id.,* citing *Webster's Third New International Dictionary* at 2187.

{¶39} In *Blackstone*, the Court noted that the interest at issue in that case—the Kuhn royalty interest—included details about the interest in question, including by whom the interest was originally reserved. *Id.,* ¶ 15. The Court ultimately held that "a reference that includes the type of interest created and to whom the interest was granted is sufficiently specific to preserve the interest in the record title." *Id.,* ¶ 18.

{¶40} In the instant case, the Reservation does not state by whom the interest was originally reserved, nor to whom the interest was granted. We thus agree with the Morrisons that the Reservation is general pursuant to *Blackstone*, and does not preserve the interest in the minerals from extinguishment. Repetition of the Reservation does not endow it with the missing information, nor does it transform the Reservation from general to specific.

{¶41} The Reservation does not name the Logans or C.L. Ogle, thus failing to name to whom the severed interest was granted or reserved. See, *Senterra Ltd. v. Winland*, 7th Dist. Belmont No. 18 BE 0051, 2019-Ohio-4387 [reference is general because mineral rights are reserved but no indication who reserved those interests; proceed to third question but no reference in deeds where interests originated or who reserved those interests]. Despite the repetition of the Reservation, we cannot find it to be a specific reference pursuant to *Blackstone*. The inevitable conclusion, pursuant to R.C. 5301.49(A), is that the Reservation has no preserving effect on the severed interest.

{¶42} We conclude that the severed interest in the Minerals was extinguished by operation of the M.T.A. and is no longer valid. We therefore reverse the judgment of the trial court and remand this matter for further proceedings consistent with our opinion herein. The Morrisons' assignment of error is therefore sustained.

Cross-Assignment of Error I.

{¶43} George argues in her cross appeal that the trial court erred in granting judgment on the pleadings because she states in her Answer that the Reservation was not legally conveyed to Ogle. In other words, a material question of fact exists because George baldly denies the alleged transfer of the Reservation by the Logans to C.L. Ogle. We note George does not argue that the deed attached to the Ericksons' first amended complaint is deficient; she merely denies the deed.

{¶44} First, we agree with the Ericksons that George's bald denial despite clear record of title is insufficient to deny judgment on the pleadings. While we are required to construe allegations in a light favorable to the nonmovant, we are not required to accept unwarranted factual inferences. See, *N. River Ins. Co. v. Redman*, 16 Ohio Law Abs. 516, 519 (2nd Dist.1933), affirmed, 128 Ohio St. 615, 193 N.E. 347 (1934); *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir.1999).

{¶45} Moreover, the Morrisons assert George's argument is barred by res judicata in light of the 2015 litigation. George is an heir of James and Rose Logan. As noted supra in the statement of facts, the Morrisons filed suit previously seeking to extinguish the original Logan severed mineral interest pursuant to the M.T.A. In Guernsey County Court of Common Pleas, case number 15CV000157, the trial court found in favor of the Morrisons (and against George) that the original Logan reservation was extinguished

under the M.T.A.  George filed a notice of appeal from that decision in 5th Dist. Guernsey

NO. 17 CA 18, but the appeal was dismissed for want of prosecution.

{¶46} Res judicata can be divided into two separate subparts: claim preclusion

and issue preclusion. *Ohio Kentucky Oil Corp. v. Nolfi*, 5th Dist. No. 2013CA00084, 2013-

Ohio-5519, 5 N.E.3d 683, ¶ 18, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 381,

653 N.E.2d 226 (1995). The Ohio Supreme Court analyzed the doctrine of claim

preclusion in the *Grava* decision in 1995. *Id.* In the syllabus of *Grava,* the Ohio Supreme

Court stated that "a valid, final judgment rendered upon the merits bars all subsequent

actions based upon any claim arising out of the transaction or occurrence that was the

subject matter of the previous action" and found that the "1 Restatement of the Law 2d

Judgments (1982), Sections 24—25[are] approved and adopted." *Grava,* 73 Ohio St.3d

379, 653 N.E.2d 226 at syllabus. In *Grava,* a property owner filed an initial application for

zoning for a proposed business. *Id.* at 379, 653 N.E.2d 226. After his initial application

was denied, the property owner then filed a second application seeking zoning for the

same building that was the subject of his earlier application under a separate zoning

ordinance regarding nonconforming use. *Id.* at 379–380, 653 N.E.2d 226.

{¶47} The Ohio Supreme Court stated that they "[e]xpressly adhere to the modern

application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d,

Judgments (1982), Sections 24—25 and hold that a valid, final judgment rendered upon

the merits bars all subsequent actions based upon any claim arising out of the transaction

or occurrence that was the subject matter of the previous action."  *Id.* at 382, 653 N.E.2d

226. The Ohio Supreme Court thus adopted the "transactional" approach to res judicata.

*Id.* The Court determined that Grava's second zoning application was barred by claim

preclusion because the zoning applications for the same building derived from the same transaction or the same "common nucleus of operative fact." *Id.* at 382, 653 N.E.2d 226. Grava had a "full and fair opportunity to present his case" during his first zoning application where he did not appeal the denial of the zoning request and "simply failed to avail himself of all available grounds for relief in the first proceeding." *Id.* at 383, 653 N.E.2d 226.

{¶48} Applied to the instant case, the final judgment in the 2015 which extinguished George's ownership interest bars her claim. Her failure to perfect an appeal from the 2015 judgment means she failed to avail herself of all available grounds for relief.

{¶49} The severed mineral interest was thus determined to be extinguished as between the Morrisons and George pursuant to the final judgment supra. George is barred by res judicata from claiming she owns the Logan Reservation as between George and the Morrisons. In the instant case, even if George prevailed against the Ericksons in her cross-appeal, any interest she may have owned has been conclusively determined to be owned by the Morrisons.

{¶50} We conclude George is barred from arguing in the instant case that she owns any interest in the mineral rights affected by the Logan reservation.

{¶51} George's assignment of error is overruled.

**CONCLUSION**

{¶52} We hereby sustain the Morrisons' assignment of error and overrule George's assignment of error. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with our opinion herein.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.