[Cite as *McCombs v. Dennis*, 2021-Ohio-1181.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID A. MCCOMBS, SR., | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2020CA00148 |
| DONNA L. DENNIS, ET AL., | |
| Defendants-Appellants | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2019-CV-2260

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:          April 5, 2021

APPEARANCES:

For Plaintiff-Appellee

GREGORY W. WATTS
MATTHEW W. ONEST
WAYNE A. BOYER
Krugliak, Wilkins, Griffiths &
Dougherty Co., L.P.A.
4775 Munson Street, N.W.
P.O. Box 36963
Canton, Ohio  44735-6963

For Defendants-Appellants

SEAN RICHARD SCULLIN
Scullin & Cunning, LLC
940 Windham Court, Suite #4
Boardman, Ohio  44512

*Hoffman, J.*

**{¶1}** Defendants-appellants James Hobson, Nancy Courtney, Donna Dennis, Larry Dennis, Douglas Calvin, Janine Calvin, Shirley DeVito Calvin and Anna Marcotte appeal the summary judgment entered by the Stark County Common Pleas Court quieting title to mineral rights on real property owned by Plaintiff-appellee David McCombs, Sr.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellee owns 118.50 acres of real estate in Harrison County, Ohio. Within the chain of title of the property is a severed oil and gas interest created in 1910 when John and Linda Patterson conveyed their interest in 122 acres, including all or a portion of the property at issue in this case, to Charles McCombs. The deed reserved "all of the oil and gas" underlying the 122 acre tract.

**{¶3}** John Patterson died on June 3, 1910. In his will he bequeathed 1/3 of his real and personal property, including "oil, gas, coal, etc." to his wife, Linda Patterson, and an undivided 2/3 of his real and personal property to his daughter, Ethel May Patterson. In August, 1928, Linda Patterson, Ethel Patterson Hobson, and Ethel's husband Perle Hobson conveyed thirty acres of the mineral interests in the real estate not at issue in this case to Charles McCombs.

**{¶4}** Charles McCombs conveyed the 122 acre tract to Ralph McCombs in 1953. Ralph McCombs granted the 122 acres to himself and his wife, Ruth, in 1985. In 2011, after his wife's passing, Ralph took sole title to the property. Ralph McCombs conveyed the property to Appellee in 2011.

**{¶5}** On November 8, 2019, Appellee filed the instant action against Appellants in the Stark County Common Pleas Court seeking to quiet title to the mineral rights in 92 acres of the property. Appellants are the heirs of John and Linda Patterson. Appellee

and Appellants both filed motions for summary judgment.  The trial court granted Appellee's motion for summary judgment, finding pursuant to the Marketable Title Act (hereinafter "MTA"), the severed mineral rights were reunited with the surface rights and Appellee was the holder of both the mineral rights and the surface rights of the 92 acres at issue.  It is from the September 28, 2020 judgment of the Stark County Common Pleas Court Appellants prosecute their appeal, assigning as error:


I. THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

II. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANTS' MOTION FOR SUMMARY JUDGMENT.


I.

{¶6}   In the first assignment error, Appellants argue the trial court erred in granting Appellee's motion for summary judgment.

{¶7}   Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.  *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987).  As such, we must refer to Civ. R. 56(C) which provides in pertinent part:


Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in

the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶8}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, *citing Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

**{¶9}** The trial court found the only issue before the court was whether the MTA applied to the severed mineral rights in this case. Upon review of the briefs and the law

from both the trial court and the Ohio Supreme Court, the trial court concluded the MTA did apply to the severed mineral rights in the instant case.

**{¶10}** The MTA acts as a 40-year statute of limitations for bringing claims against a title of record. *Peppertree Farms, LLC v. Thonen*, 5th Dist. Stark No. 2019CA00161, 2020-Ohio-3043, ¶ 51, *appeal allowed sub nom. Peppertree Farms, L.L.C. v. Thonen*, 160 Ohio St.3d 1407, 2020-Ohio-4574, 153 N.E.3d 105, *reconsideration granted*, 160 Ohio St.3d 1462, 2020-Ohio-5332, 157 N.E.3d 798. The MTA extinguishes oil and gas rights by operation of law after 40 years from the effective date of the root of title unless a saving event preserving the interest appeared in the record chain of title, i.e., the interest was specifically identified in the muniments of title in a subsequent title transaction, the holder recorded a notice claiming the interest, or the interest arose out of a title transaction which has been recorded subsequent to the effective date of the root of title. *Id;* R.C. 5301.48.

**{¶11}** Appellants first argue the trial court erred in granting summary judgment to Appellee because the MTA applies solely to royalty interests, and not to severed mineral interests. Appellants argue the Ohio Supreme Court's decision in *Blackstone v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132, which set forth a three-part inquiry to determine if the provision of the MTA preserving an interest despite an unbroken chain of title for a 40-year period is met, should be limited to its specific facts which involved a royalty interest.[1]

---

[1] Appellants do not argue on appeal whether there are references to their interest in the muniments of title which are sufficiently specific to meet the *Blackstone* test.

**{¶12}** The specific language of the MTA does not limit its application to royalty interests only, but purports to apply to any severed mineral interest:

Subject to the matters stated in section 5301.49 of the Revised Code, such record marketable title shall be held by its owner and shall be taken by any person dealing with the land free and clear of *all interests, claims, or charges whatsoever,* the existence of which depends upon any act, transaction, event, or omission that occurred prior to the effective date of the root of title. *All such interests, claims, or charges*, however denominated, whether legal or equitable, present or future, *whether such interests, claims, or charges* are asserted by a person sui juris or under a disability, whether such person is within or without the state, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void. (Emphasis added).

**{¶13}** Further, the Ohio Supreme Court recently applied the MTA and its prior holding in *Blackstone* to a case involving severed mineral interests, making no distinction between royalty interests and mineral interests. *Erickson v. Morrison*, 2021-Ohio-746. Accordingly, we find Appellants' claim the MTA is inapplicable to the instant case because the interest involved is a mineral interest rather than a royalty interest is without merit.

**{¶14}** Appellants also argue pursuant to this Court's prior decisions in *Straits v. Shepler,* 5th Dist. Holmes No. 332, 1982 WL 2919, and *Heifner v. Bradford,* 5th Dist. Muskingum No. 81-10, 1982 WL 2902, Appellee is prevented from claiming Appellants'

mineral rights were extinguished under the MTA because neither Appellee's deed nor his chain of title purports to convey the mineral rights to him. Appellants argue pursuant to "binding precedent" from this Court, Appellee cannot benefit from application of the MTA.

**{¶15}** We note at the outset this Court's own prior decisions do not constitute "binding precedent," and we retain the authority to re-examine and overruled our own prior precedent at any time. Further, both *Straits* and *Hefner* were decided prior to the Ohio Supreme Court's decision in *Blackstone, supra,* which is binding precedent on this Court. While we have not expressly overruled *Straits* and *Hefner,* we find our later decisions following the *Blackstone* decision with regard to whether the references in a chain of title are sufficiently specific to preserve a severed mineral interest have effectively overruled *Straits* and *Hefner* sub silentio*. See, e.g., Peppertree Farms, supra; Erickson v. Morrison,* 5th Dist. Guernsey No. 19CA18*,* 2019-Ohio-5430*, rev'd on other grounds,* 2021-Ohio-746.

**{¶16}** In conclusion, we find the trial court did not err in finding the MTA applied to extinguish Appellants' mineral interest, and accordingly the court did not err in granting summary judgment on Appellee's claim to quiet title. The first assignment of error is overruled.

II.

**{¶17}** In their second assignment of error, Appellants argue the trial court erred in overruling their motion for summary judgment because the Dormant Mineral Rights Act (hereinafter "DMA") is the exclusive method for reuniting severed minerals with the surface rights, and the MTA therefore is inapplicable to the instant case. However, the

Ohio Supreme Court has recently rejected Appellants' argument, holding both the MTA and the DMA are to be given full force and effect with regards to severed mineral interests:

> There is nothing in the statutory language of either act to preclude a mineral-interest holder from ensuring compliance with both the Marketable Title Act and the Dormant Mineral Act. Each statute sets out simple actions that a holder of a mineral interest may take to perpetually preserve that interest. The differences between the acts do not create any obstacle to giving effect to both, which is what R.C. 1.51 directs us to do.

{¶18} *West v. Bode*, 2020-Ohio-5473, *reconsideration denied*, 160 Ohio St.3d 1511, 2020-Ohio-6835, 159 N.E.3d 1168.

{¶19} Accordingly, we find Appellants' second assignment of error is not well-taken and is overruled.

{¶20} The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Delaney, J. concur