RABIN, APPELLANT, *v.* HORSTMAN, APPELLEE.

(No. 2273—Decided April 8, 1954.)

*Mr. A. W. Schulman,* for appellant.
*Messrs. Curtner, Brenton & O'Hara,* for appellee.

HORNBECK, J.  This is an appeal on questions of law from a judgment sustaining a motion of the defendant to dismiss the amended petition of plaintiff and award judgment to him for costs.

The action was originally instituted against Charles M. Horstman, and, after an amended petition had been filed by the

plaintiff, the defendant answered. Thereafter, the defendant having died, the action was revived against Richard Freck, executor of the estate of the deceased, as defendant. The cause of action of plaintiff was for the recovery of damages claimed to have been sustained to the person and property of plaintiff by reason of a collision between an automobile driven by plaintiff and one driven by an employee of defendant, Horstman. The answer filed by the executor set up two defenses, the second of which was *res judicata* by reason of a judgment of the Municipal Court of the City of Dayton between the same original parties and growing out of the same collision.

In replying to the second defense of the answer, the plaintiff denied that a judgment was recovered in the case in the Municipal Court in favor of defendant's decedent and against the plaintiff and averred that the Municipal Court in that case rendered a judgment against this defendant, plaintiff therein, denying his claim for damages on the ground that the agent of the plaintiff therein, driver of this defendant's automobile, was guilty of negligence contributing proximately to his injuries. Plaintiff further says that in that action he filed no claim or cross-petition seeking any recovery against defendant or asserting any claim for damages or recovery as set forth in this action. He also avers that the Municipal Court was without jurisdiction to render the judgment for the reason that the amount of plaintiff's claim was beyond the jurisdiction of the Municipal Court of Dayton.

Defendant demurred to the reply of plaintiff, as being insufficient in law to constitute an answer to the defense of *res judicata* asserted in the amended answer. Upon consideration, this demurrer was overruled. Thereafter, the cause came on to be heard on the motion of the defendant to dismiss plaintiff's amended petition and to render final judgment in favor of the defendant. To get the matter before the court there was offered, by stipulation, the pleadings, decisions and judgment entry in the Municipal Court of Dayton in the case wherein Horstman was the plaintiff and Rabin the defendant. The court made an order which sustained the motion dismissing plaintiff's amended petition. It is from this order that the appeal is prosecuted.

Plaintiff assigns three errors:

(1) Error in entering judgment upon the claim of *res judicata*.

(2) Error in entering final judgment against the plaintiff.

(3) That the court, having rendered a judgment overruling plaintiff's motion during the April 1953 term, which is duly docketed, had no jurisdiction to enter the second judgment on defendant's motion at a subsequent term of court.

Upon the first error assigned we must hold against the appellant. In the action in the Municipal Court, which is set up as *res judicata* of the issues in the instant cause, the primary issue was the negligence of Rabin proximately causing the collision and damages. Unless and until this issue was determined, any contributory negligence of Horstman was of no concern. The negligence of Rabin as a cause of plaintiff's injuries was found and specifically carried into the judgment, and with it Horstman's agent was found to be contributorily negligent. No cross-petition was required to test the question whether Rabin was negligent. One of the essentials of *res judicata* is that the subject matter in the judgment set up be the same as that involved in the case where such defense is asserted. Here the subject matter, common to both cases, is the negligence of Rabin. The fact that different damages, as to amount or character, were involved did not affect the validity and force of the adjudication of the initial issue common and controlling as to both.

We do not consider it necessary or advisable to discuss this question at greater length. We have been favored with the written opinion of Judge Crawford, who passed on the question of *res judicata* in the trial court. We are fully in accord with it and the reasons and the cases cited to support it, and we adopt them.

The second assignment of error depends upon the determination of the first and third assignments of error.

The third assignment of error is predicated upon the proposition that the overruling of the demurrer first made by the defendant to the reply, testing the sufficiency of the reply as an answer to the claim of *res judicata*, precluded the final judgment of the court, which judgment was contrary to the action on the demurrer.

Independent of the right of the court to change its position respecting the sufficiency of the demurrer to the reply, we can not say the court was wrong in overruling the motion, or that the judgment finally entered was inconsistent with that action. At the time the court passed on the demurrer to the reply, it had before it only the averment of the reply that no judgment was recovered against the plaintiff in the Municipal Court. True, there is a statement that plaintiff's claim was denied upon a finding that plaintiff's driver was chargeable with contributory negligence, which implies that defendant had also been negligent, but there is no specific admission of that fact. Then, too, the reply left open the question of whether the court may not have decided the case upon the theory that no damages had been shown to have been suffered by the plaintiff. The reply did not clearly project into the record the full import and effect of the judgment in the Municipal Court. In that judgment there was a specific finding to the effect that the defendant was guilty of negligence directly and proximately resulting in the accident and damages to plaintiff's automobile. This was not included in the reply.

We are satisfied that the court did not err in entering judgment notwithstanding the former ruling on the demurrer to the reply.

It follows that the second assignment of error is not well made.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.