NATIONWIDE INSURANCE CO., APPELLANT, *v.* STEIGERWALT, APPELLEE.

[Cite as Nationwide Ins. Co. v. Steigerwalt, 16 Ohio App. 2d 133.]

(No. 592—Decided December 18, 1968.)

*Mr. Harry A. Sargeant, Jr.*, for appellant.
*Mr. Thomas B. Hayes*, for appellee.

BROWN, J. This is an appeal on questions of law by the plaintiff, appellant herein, from a final judgment granted on the pleadings in favor of defendant, appellee herein, dismissing the petition of plaintiff, by the Common Pleas Court of Sandusky County.

The petition of plaintiff, Nationwide Insurance Com-

pany, stated a subrogation claim for property damages arising out of a collision on February 20, 1964, between an automobile owned and operated by Raymond Zweily, its insured, and a truck operated by the defendant, Harold Steigerwalt. Zweily at that time had an insurance policy with plaintiff providing one hundred dollars deductible property damage coverage. Plaintiff then paid Zweily $1,705 for the property damage which exceeded $100.

Thereafter on September 22, 1965, Zweily, Nationwide's insured, filed a petition in the Common Pleas Court of Sandusky County to recover for his personal injuries and the $100 deductible portion of his property damages growing out of the collision.

Next, on February 17, 1966, plaintiff, Nationwide Insurance Company, filed a petition in the Common Pleas Court of Sandusky County pursuant to its subrogation agreement with Zweily to recover the sum of $1,705 which it had paid to Zweily for the nondeductible portion of his property damages pursuant to his insurance coverage. Defendant was served with summons on February 23, 1966.

On March 2, 1966, defendant filed an answer and cross-petition in the personal injury action and made no reference to the subrogation claim of plaintiff, Nationwide Insurance Company.

On May 9, 1966, Zweily's personal injury action, the first of these two legal actions filed, was tried to a jury which returned a general verdict for the defendant.

Thereafter, defendant filed an amended answer in the present subrogation case of plaintiff, Nationwide Insurance Company, alleging the defense of *res judicata* based on the final judgment on the general verdict of the jury in favor of the defendant in the earlier and separate personal injury action of Zweily against this same defendant. Defendant also filed a motion for judgment on the pleadings based upon the defense of *res judicata* asserted in the amended answer. The Common Pleas Court thereupon granted judgment on the pleadings in favor of the defendant.

The legal question presented by the record may be stated as follows: Where one (an insured) suffered both

personal injuries and property damage by reason of a single negligent act and assigned his nondeductible property damage claim against the tort-feasor to a third person (the insurer), and then the insured prosecuted a negligence action for personal injuries and deductible property damage loss against the tort-feasor, will a judgment in such personal injury action in favor of such tort-feasor bar a subsequent action against the same tort-feasor brought by such third person (the insurer-subrogee-assignee) to recover damages for the nondeductible property damage loss as assignee-subrogee? A careful reading of this legal question demonstrates how it differs from the legal issue stated in the case of *Vasu* v. *Kohlers, Inc.*, 145 Ohio St. 321, at pages 324, 325, 166 A. L. R. 855, a principal case upon which plaintiff relies in urging reversal. In *Vasu, supra,* the insurer's subrogation claim, a derivative claim making the insurer as assignee a successor in interest to a part of the primary claim of the insured, a predecessor in interest, was tried first resulting in a verdict in favor of the tort-feasor. Thereafter, in *Vasu, supra,* the insured in his personal injury action was met by the defense of *res judicata* arising out of the final judgment in favor of the defendant tort-feasor in the earlier subrogation case. In *Vasu, supra,* the plaintiff in the second suit, a personal injury action, was not a successor in interest from his insurer which had lost its subrogation suit against the same alleged tort-feasor, and for that reason Vasu, the injured claimant, was not in privity with his insurer and was not bound by the earlier final judgment adverse to the insurer.

It should be remembered in the present Nationwide case that plaintiff, Nationwide Insurance Company, is not a predecessor in interest to its insured, Zweily, but rather Zweily is a predecessor in interest to his insurer, the plaintiff, Nationwide, and the latter is the successor in interest to Zweily as to the nondeductible portion of the property loss. Stating it another way, Zweily is the grantor, vendor, assignor or subrogor of the nondeductible property loss claim to which plaintiff, Nationwide, was subrogated, and plaintiff, Nationwide, was the grantee, vendee, assignee and subrogee of such claim. This relationship or status between

insurer and insured must be kept in view in determining the applicability of the principle of *res judicata*.

A party, such as Nationwide Insurance Company, which by the device of assignment and subrogation has succeeded to an estate or interest in part of an indivisible property damage claim of its insured, Zweily, is to that extent in privity with Zweily who is its predecessor in interest. Privity is dependent upon a succession in interest to the same thing whether created by deed, by contract, by other act or by operation of law. Litigation is not essential to the creation of privity. 30A American Jurisprudence 451, Section 399. Therefore, privity arises upon payment by the insurer to the insured of a loss, at which time the insurer acquires a legal or equitable interest in an indivisible cause of action. The insurer's interest is derived from and in privity with the insured, and what he receives is not an interest in litigation so as to make him a technical privy to a pending action but a portion of a single claim which is no better than his predecessor possessed. *Spargur* v. *Dayton Power & Light Co.*, 79 Ohio Law Abs. 206, 152 N. E. 2d 918 at page 924.

Because a successor in interest as to part of an indivisible cause of action is in privity with his predecessor in interest, a judgment adverse to the predecessor in interest does, therefore, estop the successor in interest and is, likewise, *res judicata* as to the claim of the successor in interest. *Spargur* v. *Dayton Power & Light Co.*, 79 Ohio Law Abs. 206, 152 N. E. 2d 918, at pages 922, 923, 924, 926; 30A American Jurisprudence 454, Section 400; 50 Corpus Juris Secundum 289, 327, Sections 763 and 789; Bigelow on Estoppel (6 Ed.), 160; Restatement of the Law of Judgments 433, Section 89, Comment c, e and f.

In essence the doctrine of *res judicata* is that an existing final judgment or decree, rendered upon the merits, is conclusive of rights, questions and facts in issue, as to the parties or their privies in all other actions or suits in the same or any other judicial tribunal of concurrent jurisdiction, and cannot again be litigated. *Conold* v. *Stern*, 138 Ohio St. 352, paragraph one of the syllabus; *Schimke* v. *Early*, 173 Ohio St. 521, the syllabus; *Rabin* v. *Horst-*

*man,* 99 Ohio App. 217, paragraph one of the syllabus; 32 Ohio Jurisprudence 2d 27, 28, 52, 58, Sections 275, 276, 304 and 307; 30A American Jurisprudence 371, 373, Sections 324 and 326; 50 Corpus Juris Secundum 206, Section 721.

Thus, since in the earlier case of *Zweily* v. *Steigerwalt,* heard in the Common Pleas Court of Sandusky County, the jury found against Zweily on his claim for bodily injury and property damage, the issues of negligence and contributory negligence so determined are binding upon those in privity with him, namely, his subrogee, Nationwide Insurance Company, and bar any right of such subrogee to recover from the same alleged tort-feasor which involves the same issues or questions of negligence of defendant and contributory negligence of Zweily.

By contrast, in the *Vasu case, supra,* the later legal action of the insured, the predecesseor in interest, was not subject to the defense of estoppel by judgment or *res judicata* and was maintainable, although the earlier action of the insurer, the successor in interest, resulted in a final judgment adverse to the insurer, because of the following elementary rules concerning privity. Privity does not apply to the assignor or transferror who did not succeed to an estate or interest formerly held by another. Therefore, a predecessor in interest, as such, is not in privity with his successor in interest, and a judgment against the latter, whether before or after the transfer, should not estop the predecessor in interest on mere grounds of privity. A grantor, vendor, or transferror (predecessor in interest) is not bound as to third persons by any judgment which they may obtain against his grantee, vendee or transferee (successor in interest) adjudicating the title, unless he participated in the action in such a way as to become in effect a party. *Spargur* v. *Dayton Power & Light Co.,* 79 Ohio Law Abs. 206, 152 N. E. 2d 918, at pages 923, 925, and paragraphs 7, 9, 10 and 12 of the N. E. headnotes; 1 Freeman on Judgments (5 Ed.) 969, Section 442, Judgment Against Successor As Estoppel Against Predecessor,

With regard to paragraph four of the syllabus of *Vasu* v. *Kohlers, Inc.*, *supra*, which holds that injuries to person and property suffered by the same person resulting from a wrongful act are infringements of two different rights giving rise to two different causes of action, it is interesting to observe that such paragraph of the syllabus was overruled in *Rush* v. *Maple Heights*, 167 Ohio St. 221, but the remaining seven paragraphs of the syllabus in *Vasu* have been left unaffected by any later decision of the Ohio Supreme Court and are still the law of Ohio, and paragraphs 6, 7 and 8 of the syllabus in *Vasu* were expressly approved in *Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5. The holding in *Rush, supra,* that one person suffering both personal injury and property damage as a result of the same wrongful act creates only one cause of action was also followed in *Hoosier Casualty Company, supra.*

Plaintiff also relies on *Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5, in seeking a reversal of the judgment in this case. In *Hoosier, supra,* the personal injury action of the insured was filed first, after assignment of the nondeductible portion of a property damage claim to the insurer. The insurer then filed its subrogation suit for property damage against the same tort-feasor. Next, the insured settled her personal injury claim and dismissed, with prejudice, her legal action. In the insurer's subrogation action the same defendant in its answer alleged this insured's personal injury settlement as a complete defense and bar to recovery. This factual summary made it evident that no question or fact in issue was determined in the insured's earlier personal injury action, and thus since the quintessence of the defense of *res judicata* is absent in *Hoosier Casualty Company, supra,* such defense does not exist there and it is distinguishable from the facts in the case at bar and is not controlling.

The case of *Shaw* v. *Chell, Admx.*, 176 Ohio St. 375, upon which the plaintiff also relies, involved a property damage action jointly maintained by the insured and insurer in Municipal Court upon which the insured alone recovered a judgment for $100, and before that judgment

was rendered the insured commenced his personal injury action arising out of the same wrongful act against the same defendant, to which the defendant pleaded as a defense that the issues in the Municipal Court in the property damage action were the same as the issues in the personal injury action and should bar recovery in the insured's personal injury action. The Common Pleas Court held against this separate defense, and plaintiff obtained a verdict of $50,000 for personal injuries. It should be noted that plaintiff in his reply in the personal injury action alleged that the defendant waived any defense of res judicata by failing to assert in the Municipal Court property damage action that there was then pending, before trial of that action, another pending action of the plaintiff for personal injuries in the Common Pleas Court. Further, the co-plaintiff, the insured, recovered judgment for her property loss in Municipal Court and as to the issues concerned thus established liability of the defendant which was consistent with the personal injury verdict for the plaintiff in the Common Pleas Court.

Therefore, the case of *Shaw* v. *Chell, supra*, does not affect the application of the principle of *res judicata* to the case at bar as previously discussed, is clearly distinguishable and not controlling, and stands primarily for this sound proposition of law, in the words of Taft, C. J., at page 383 in the opinion, as follows:

"In other words, we conclude that a tort-feasor's waiver of his right to object to the simultaneous maintenance against him on a single cause of action of an action to recover for property damages and an action to recover for personal injuries will amount to consent by him that there can be a separate recovery on such single cause of action for property damage and a separate recovery thereon for personal injuries."

The judgment of the Common Pleas Court is, therefore, affirmed at the costs of the plaintiff-appellant.

*Judgment affirmed.*

SMITH, P. J., and STRAUB, J., concur.