[Cite as *Cline v. Tecumseh Local Bd. of Edn.*, 2021-Ohio-1329.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|  |  |  |
|---|---|---|
| KRISTA CLINE, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 2020-CA-36 |
| | : | |
| v. | : | Trial Court Case No. 2019-CV-615 |
| | : | |
| | : | (Civil Appeal from |
| TECUMSEH LOCAL BOARD OF | : | Common Pleas Court) |
| EDUCATION, et al. | : | |
| | : | |
| Defendants-Appellees | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . .

MARK M. FEINSTEIN, Atty. Reg. No. 0065183, P.O. Box 657, Urbana, Ohio 43078
    Attorney for Plaintiffs-Appellants

BRIAN A. WILDERMUTH, Atty. Reg. No. 0066303, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440, and WILLIAM V. BEACH, Atty. Reg. No. 0040471, Four Seagate, 9th Floor, Toledo, Ohio 43604
    Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Plaintiffs-Appellants Krista and Melvin Cline appeal from a judgment of the Clark County Court of Common Pleas, which dismissed their civil action against Tecumseh Local School District Board of Education (Tecumseh Schools) and various named and unnamed employees, as well as against the Clark County Educational Service Center and named and unnamed employees, after both entities filed Civ.R. 12(B)(6) motions to dismiss. For the reasons that follow, the trial court's judgment will be affirmed.

## I.      Facts and Procedural History

{¶ 2} According to the Clines' complaint, on December 20, 2018, Mrs. Cline called Medway Elementary School in New Carlisle to inform the school that she would be picking up her two children early that day (ages three and five at the time). She arrived a few minutes before the end of the school day to retrieve her children as scheduled but, when she got inside the school, she discovered that the children had already boarded the school bus and were en route to latchkey. Mrs. Cline contends that her children were not authorized to go to latchkey.

{¶ 3} About 20 minutes later, the Cline children arrived back at Medway Elementary with their bus driver, April Lovato. The complaint asserts that an argument ensued between Mrs. Cline and Ms. Lovato and that Ms. Lovato became belligerent. Further, the complaint states that the Clines had been unsuccessful in getting any satisfactory answers regarding the whereabouts of the children during the 20 minutes they were allegedly unaccounted for, such as who released them to the bus and who allowed them to leave school without Mrs. Cline's permission.

{¶ 4} On December 16, 2019, the Clines filed a 10-count complaint alleging the following claims: negligent hiring, training, and/or supervision, and respondeat superior against Tecumseh Schools and the Clark County Educational Service Center; negligent infliction of emotional distress and intentional infliction of emotional distress against Ms. Lovato in her personal capacity; negligent infliction of emotional distress and intentional infliction of emotional distress claims against John/Jane Doe #1 in his/her personal capacity; and negligent infliction of emotional distress and intentional infliction of emotional distress claims against John/Jane Doe #2 in his/her personal capacity.

{¶ 5} In early 2020, both Tecumseh Schools and the Clark County Educational Service Center filed motions to dismiss on behalf of the respective organizations and their employees. The motions asserted that the defendants were all immune by statute and that, even in the alternative, the facts alleged could not support the tort claims. On July 16, 2020, the trial court granted the motions to dismiss, stating, "all named defendants are entitled to statutory immunity pursuant to Ohio Revised Code Section 2744.02(A)(1). The Court further finds that none of the exceptions enumerated in Ohio Revised Code Section 2744.02(B)(1)-(5) are applicable to the facts in this case. Therefore, the Court finds that it appears 'beyond doubt from the complaint that the plaintiff(s) can prove no set of facts entitling [them] to recovery.' " July 16, 2020 Entry, quoting *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 246, 327 N.E.2d 753 (1975).

{¶ 6} The Clines have appealed and raise a single assignment of error: The trial court abused its discretion by granting the motions to dismiss and finding that all named defendants are entitled to statutory immunity.

## II.   Motions to Dismiss

A. Claims against Tecumseh Schools and Corrine Scott (in her official capacity only) and Clark County Educational Service Center and Dan Bennett (in his official capacity only)

**{¶ 7}** The Clines sued Tecumseh Schools, its school board president Corrine Scott, the Clark County Educational Service Center, and its superintendent Dan Bennett, for negligent hiring, training, and/or supervision, and respondeat superior. They responded with a motion to dismiss.

**{¶ 8}** "An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review." *Duer v. Henderson*, 2d Dist. Miami No. 2009-CA-15, 2009-Ohio-6815, ¶ 68. That means the appellate court independently examines the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 13.

**{¶ 9}** To dismiss a complaint on Civ.R. 12(B)(6) grounds, "it must appear beyond doubt that the plaintiff can prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. We do not consider "unsupported conclusions that may be included among, but not supported by, the factual allegations of the complaint." *Boyd* at ¶ 13, quoting *Wright v. Ghee*, 10th Dist. Franklin No. 01AP-1459, 2002-Ohio-5487, ¶ 19.

**{¶ 10}** In conducting the review, we must assume that the facts as pleaded are true, "but the same does not apply to conclusions of law that the pleader contends are proved by those facts." *Thomas v. Progressive Cas. Ins. Co., Inc.,* 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 8 (2d Dist.).

**{¶ 11}** While we must assume the facts are true, at the complaint stage of the suit, the facts do not have to be fully fleshed out. "Ohio is a notice-pleading state, [and] Ohio

law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. A complaint only needs to contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Civ.R. 8(A).

{¶ 12} While a plaintiff is not required to advance a specific legal theory to be successful, "the complaint must contain either direct allegations on every material point necessary to sustain recovery or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Strahler v. Vessels*, 4th Dist. Washington No. 11 CA 24, 2012-Ohio-4170, ¶ 10.

{¶ 13} At the outset, the Clines appear to have conceded that the government agencies and the individuals sued in their official capacity were entitled to statutory immunity under R.C. 2744.02. There is no mention of them at all in the Clines' appellate brief, and the Clines' failure to challenge their dismissal amounts to waiver. Under App.R. 12, an appellate court is only required to determine the merits of assignments of error set forth in the parties' briefs. We are authorized to dismiss potential errors that are not presented or argued. *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir.1995). *Accord Dayton City School Dist. Bd. of Edn. v. Dayton Edn. Assn.*, 2018-Ohio-4350, 122 N.E.3d 249, ¶ 43 (2d Dist.); *Johnson v. Montgomery*, 2016-Ohio-1472, 63 N.E.3d 631, ¶ 25 (2d Dist.). Accordingly, the trial court did not err when it dismissed the complaint against Tecumseh Schools and Corrine Scott (in her official capacity) and the Clark County Educational Service Center and Dan Bennett (in his official capacity).

B. Claims against April Lovato, John/Jane Doe #1 and John/Jane Doe #2

{¶ 14} In their sole assignment of error, the Clines allege that the trial court erred

by granting the defendants' motions to dismiss because the defendants' actions were so manifestly outside the scope of their employment and/or their acts were done with malicious purpose, in bad faith, or in a wanton or reckless manner, such that the immunity statute does not apply.

{¶ 15} School districts are granted broad immunity from civil liability under the Political Subdivision Tort Liability Act. R.C. 2744.02(A)(1) states that "a political subdivision is not liable in damages in a civil action for injury * * * allegedly caused by an act or omission of the political subdivision or an employee * * * in connection with a governmental or proprietary function." The defenses and immunities apply to employees as well unless "[t]he employee's acts or omissions [are] manifestly outside the scope of the employee's employment or official responsibilities," or are done with malice, in bad faith, or in a wanton or reckless manner. R.C. 2744.03(A)(6).

{¶ 16} The Clines allege in their complaint that Ms. Lovato, John/Jane Doe #1, and John/Jane Doe #2 acted in ways that triggered the exception from R.C. 2744.03(A)(6). The problem with those allegations, though, is that they were bare assertions. For instance, in their claim against Ms. Lovato for negligent infliction of emotional distress, the Clines simply state, "[d]efendant Lovato's behavior throughout this matter was extreme and outrageous, and shocking to the conscience." The same goes for the claims against John/Jane Doe #1 and #2. The "buzz words" (phrases that are in the definition of the torts) are there, but the facts alleged in the complaint fail to rise to the level of actions done outside the scope of the defendants' employment, or especially, of actions done with malice, bad faith, or recklessness. Returning the children to their parents was certainly in Ms. Lovato's job description; arguing with Mrs. Cline, while not professional,

cannot reasonably be construed as having been done with malice, bad faith, or in a wanton or reckless manner.

{¶ 17} The Clines' intentional infliction of emotional distress claims fare no better. Again, the "buzz words" are there, but the allegations did not match up with the facts that were pled in the complaint. The Clines' fourth claim for relief reads almost like Ms. Lovato kidnapped the children ("[Lovato] unlawfully enter[ed] the school and remov[ed] the children without * * * approval or knowledge of the Plaintiffs, and [left] the school premises with the children after being directly informed that the Plaintiff had arrived"). The "factual background" section of the complaint, however, tells a different, less dramatic, story ("The children had been taken [to latchkey] by Defendant April Lovato, who drives a bus for the school."). The Clines, thus, have not alleged any facts that would trigger any exceptions to the immunity of Ms. Lovato or John/Jane Doe #1 or #2.

{¶ 18} There was another problem with the claims against John/Jane Doe #1 and #2: the Clines failed to meet the requirements of Civ.R. 15(D). The Rule states:

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

{¶ 19} Civ.R. 15(D) is intended to accommodate a plaintiff who has identified the culpable party but does not know his/her name at the time of the filing. The Ohio Supreme

Court has stated that a plaintiff may designate a defendant with a fictitious name (i.e. "John Doe") when the *name* of the party is unknown. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 23. Civ.R. 15(D) does not apply, however, where the *identity* of the defendant is unknown. "[T]he action must be brought against a person identified by name, who must be personally served, despite the fact that his name is presently unknown. Unless the action is against some such person, it has not been brought against anyone, and is therefore not actually begun at all." *Vocke v. Dayton*, 16 Ohio App.2d 139, 144, 303 N.E.2d 892 (2d Dist.1973).

{¶ 20} In this case, the Clines do not know the identity of John/Jane Doe #1 or #2. The complaint's only description of John/Jane Doe #1 is that he/she was an employee/agent of Tecumseh Schools and was present at Medway Elementary on December 20, 2018. Likewise, John/Jane Doe #2 is described as an employee/agent of the Clark County Educational Service Center and was present at Medway Elementary on December 20, 2018. That is the description of literally dozens of people at the school on that day: a principal, secretary, teacher, office aid, school nurse, custodian, etc. The Clines simply did not know the identity of the party, and that was not enough to satisfy the Rule. Civ.R. 15(D) does not allow a plaintiff to set up a "straw man" to facilitate a fishing expedition, and that is what we had here.

{¶ 21} Because Ms. Lovato and John/Jane Doe #1 and #2 had immunity under the Political Subdivision Tort Liability Act, and because John/Jane Doe #1 and #2 were not properly included in the suit, the trial court did not abuse its discretion when it dismissed the Clines' case.

C. Allegations of the tort claims

{¶ 22} Even assuming, for the sake of argument, that the employees were not protected by immunity, the trial court still would have been correct to dismiss the suit because the complaint failed to state claims upon which relief could be granted.

{¶ 23} A claim for negligent infliction of emotional distress can be brought in very factually-specific circumstances where the plaintiff has either witnessed or experienced a dangerous accident such that the plaintiff was subject to actual physical peril. *See Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 652 N.E.2d 664 (1995); *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983); *accord Dillon v. Legg*, 68 Cal.2d 728, 731, 441 P.2d 912 (1968) (where a mother, in close proximity, witnessed her infant daughter being struck and killed by a car).

{¶ 24} We have explained that a plaintiff may be successful in a negligent infliction of emotional distress action if he/she can demonstrate that: (1) the plaintiff was a bystander, or was personally subject to peril, (2) the plaintiff reasonably appreciated the peril which took place, whether or not the victim actually suffered physical harm, and (3) the plaintiff suffered serious emotional distress because of this cognizable fear of peril. *Boesdorfer v. Travis*, 2d Dist. Greene No. 91-CA-98, 1992 WL 317459. *1 (Nov. 5, 1992); *Heiner*. A "bystander" is someone at the scene and does not include a person without sensory perception of the events surrounding the incident. *Burris v. Grange Mut. Co.*, 46 Ohio St.3d 84, 93, 545 N.E.2d 83 (1989), *overruled on other grounds by Savoie v. Grange Mut. Ins. Co.*, 67 Ohio St.3d 500, 620 N.E.2d 809 (1993). The emotional distress must be substantial as well. The Ohio Supreme Court has promulgated a non-exhaustive list of examples of what "severe emotional distress" entails, and the examples include traumatically induced neurosis, psychosis, chronic depression, and phobia. *Paugh* at 78.

{¶ 25} This Clines have not alleged the factual bases necessary to sustain a negligent infliction of emotional distress claim; Mrs. Cline did not witness anyone in peril, nor was she in peril herself. She, then, could not be in proximity, and she has not alleged any specific emotional distress.

{¶ 26} The intentional infliction of emotional distress claim could not stand either. A claim for intentional infliction of emotional distress requires proof of the following elements: (1) that the defendant either intended to cause emotional distress to the plaintiff, or knew or should have known that the actions would result in serious emotional distress to the plaintiff, (2) that the defendant's conduct was so extreme and outrageous as to go beyond all bounds of decency and was such that it can be considered utterly intolerable in a civilized society, (3) that the defendant's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is so serious that no reasonable person could be expected to endure it. *Chaney v. Potsdam*, 2d Dist. Miami No. 2004-CA-19, 2005-Ohio-603, ¶ 98.

{¶ 27} Only the most extreme wrongs, which do violence to the norms of a civilized society, will rise to the level of extreme and outrageous conduct. *Brown v. Denny*, 72 Ohio App.3d 417, 423, 594 N.E.2d 1009 (2d Dist.1997). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* quoting 1 Restatement of the Law 2d, Torts, Section 46, Comment d (1965).

{¶ 28} Much like the negligent infliction of emotional distress claims, the Clines have not pled any facts that would conceivably reach the level of intentional infliction of emotional distress. We must assume that the facts in the complaint were true, but that

same assumption does not apply to the legal conclusions made based on those facts. The facts in the complaint paint the picture of a misunderstanding or miscommunication between the school and Mrs. Cline, and when the school realized the mistake was made, it quickly worked to get the children back where they belonged. While it is certainly understandable that Mrs. Cline would have been worried and upset – angry even – that her children were not where they were supposed to be for 20 minutes, the alleged conduct, as a matter of law, did not rise to the level of being "extreme and outrageous as to go beyond all bounds of decency." *Chaney* at ¶ 98.

{¶ 29} The Clines could prove no set of facts warranting relief as to either tort claim against any of the parties. Because the causes of action failed, the trial court did not err in granting the motion to dismiss.

{¶ 30} The assignment of error is overruled.

### III. Conclusion

{¶ 31} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

Mark M. Feinstein
Brian L. Wildermuth
William V. Beach
Hon. Douglas M. Rastatter